### BERRY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 14, 1927.)

No. 7432.

1. Criminal law &#9114;878(4)—Conviction for possession of whisky, still, and mash, and acquittal of manufacturing, held not objectionable; offenses being separate and requiring different evidence.

Conviction on counts charging possession of whisky, still, and mash, and acquittal on count charging manufacture of whisky *held* not objectionable on ground that accused, if guilty at all, was guilty on all counts, since counts on which he was convicted were lesser, separate, and distinct offenses, requiring different amount and kind of proof than manufacturing count.

2. Criminal law &#9114;1209—Separate sentences for possessing whisky and possessing still and mash held not "double punishment" (Const. Amend. 5).

Separate sentences on count charging possession of whisky and on count charging possession, of still and mash, based on same evidence, *held* not to constitute double punishment, in violation of Const. Amend. 5; offenses being distinct.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Albert D. Berry was convicted of possessing intoxicating liquor, distilling apparatus, and mash, designed and intended to be used in unlawful manufacture of whisky, and he brings error. Affirmed.

George H. Giddings, Jr., and George H. Giddings, Sr., both of Oklahoma City, Okl., for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Leslie E. Salter, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. The plaintiff in error, Albert D. Berry, was informed against on three counts, all relating to the same transactions, which are alleged to have occurred on the 26th day of March, 1925, in Oklahoma county, in the Western district of Oklahoma.

The first count charged possession of intoxicating liquor, to wit, whisky; the second count the possession of two distilling apparatuses and mash designed and intended to be used in the unlawful manufacture of whisky; and the third count, manufacture of whisky.

The evidence tended to show that two local officers, Cummings and Heep, accompanied by Federal Officer Tucker, drove out into the country near to the defendant's farm; that they got out of their car and went toward a small shack, and observed the defendant and another man through the door, which was open, and a still in full operation. The plant consisted of two 50-gallon stills. The defendant had a pair of pliers in his hand and was working on the still. The other party was drawing off mash.

The defendant admitted he was present at the time stated, but says he was not interested in the stills and was not operating them;

that he had gone down there, because a neighbor had told him some one was running a still on his land, and had only been there about 10 minutes when the officers arrived. The jury found him guilty on the first two counts, but acquitted him on the manufacturing charge.

[1] The first point raised is that it was impossible for the defendant to have been not guilty of manufacture, yet guilty of the possession of whisky, and the possession of the mash and still; in other words, that he was guilty on all counts or none at all. In reply it is only necessary to say that the first two counts were lesser, separate, and distinct offenses from that of manufacture, and required a different amount and kind of proof. Rosenthal v. U. S. (C. C. A.) 276 F. 714, cited is not in point. Plaintiff in error there, with others, was indicted on two counts, the first of which charged them with having bought and received 39 cases of cigarettes, which had been stolen from a shipment of freight in interstate commerce; the defendants well knowing that the cigarettes had been so stolen. The second count charged the defendant with having at the same time and place the same cigarettes in his possession, under like circumstances and with like knowledge. The trial resulted in a verdict of not guilty under the first as to all defendants, but the finding of the plaintiff in error guilty under the second. The reason the conviction was properly reversed was because knowledge that the property was stolen was a vital element under both counts, so the verdict of the jury was clearly inconsistent.

[2] The next and only remaining point requiring consideration is assignment No. 8, to the effect that the court erred in sentencing the defendant separately on the first two counts, because, as counsel say, the evidence covered and alluded to but a single transaction, and amounted to punishing the defendant twice for one offense. At the time the briefs were written and this appeal argued, there was merit in this contention, and the appellate courts were not in accord thereon. Albrecht v. U. S. of America (Jan. 3, 1927) 47 S. Ct. 250, 71 L. Ed. ——, however, has definitely settled the question. There it was claimed that the Fifth Amendment was violated by the imposition of double punishment; the defendant having been convicted on nine counts, four charging illegal possession of liquor, four illegal sale, and one the maintenance of a common nuisance, and that the liquor which the defendant was convicted for having sold was the same that he was convicted of having possessed. The court said:

"But possessing and selling are distinct offenses. * * * One may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction."

The judgment of the lower court is affirmed.