## CREEL. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
September 9, 1927.

No. 7638.

1. Indictment and information ⊚═147—Question of duplicity may be raised by demurrer.

The question of duplicity may properly be raised by demurrer.

2. Indictment and information ⊚═125(31)—Information charging both "selling" and "furnishing" of liquor in one count held bad for duplicity (National Prohibition Act [27 USCA §§ 12, 46]).

Under National Prohibition Act, tit. 2, § 3 (27 USCA § 12), illegal "selling" and "furnishing" of liquor are distinct offenses for which different penalties are prescribed by title 2, § 29 (27 USCA § 46), and an indictment or information which charges both offenses in a single count is bad for duplicity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Furnish; Sell.]

3. Indictment and information ⊚═119—Words charging distinct offense cannot be rejected as surplusage.

Words in an indictment or information adequately charging a distinct offense cannot be rejected as surplusage.

4. Indictment and information ⊚═202(8)—Conviction on duplicitous information cannot be aided by verdict, where offenses are subject to different punishment.

Judgment of conviction on a duplicitous information cannot be aided by verdict where the offenses are subject to different punishment.

5. Criminal law ⊚═1186(4)—Duplicity in information is not mere technical defect to be disregarded under statute (Judicial Code, § 269, as amended [28 USCA § 391]; 18 USCA § 556).

Duplicity in an information is not a mere technical defect to be disregarded under Rev. St. § 1025 (18 USCA § 556), and Judicial Code, § 269, as amended by Act Feb. 26, 1919 (28 USCA § 391 [Comp. St. § 1246]).

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Criminal prosecution by the United States against T. J. Creel. Judgment of conviction, and defendant brings error. Reversed.

T. H. Davidson, of Muskogee, Okl., for plaintiff in error.

Frank Lee, U. S. Atty., of Muskogee, Okl., (W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MILLER, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment convicting plaintiff in error, hereafter called defendant, of violation of the National Prohibition Act, U. S. C. tit. 27 (27 USCA).

The information contained two counts. Each charged that defendant "did * * * unlawfully sell and furnish to * * * a quantity of intoxicating liquor," etc. Defendant demurred to each count of the information on various grounds, among them that of duplicity. The demurrer was overruled. At the close of the government's case, and again at the close of all the evidence, defendant moved for a directed verdict, on the ground that the evidence was insufficient to support a verdict of guilty. The motions were overruled. Defendant was found guilty.

There are a number of assignments of error, but the only question which we find it necessary to discuss is whether the information was duplicitous.

[1] Duplicity is the joining in one count of two or more distinct offenses. The question of duplicity may properly be raised by demurrer. Lemon v. United States, 164 F. 953 (C. C. A. 8); John Gund Brewing Co. v. United States, 204 F. 17 (C. C. A. 8); Wright v. United States, 227 F. 855 (C. C. A. 8); United States v. L. & N. R. Co. (D. C.) 165 F. 936.

[2] It is the contention of defendant that in each count of the information two distinct offenses were joined, viz.: The sale of intoxicating liquor and the furnishing of intoxicating liquor. Turning to the National Prohibition Act, it is found that section 3, tit. 2 (U. S. C. tit. 27, § 12 [27 USCA § 12]), reads as follows:

"No person shall on or after the date when the Eighteenth Amendment to the Con-

stitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish, or possess any intoxicating liquor except as authorized in this act."

It is clear that there are a number of distinct offenses here enumerated. This has been at various times meticulously pointed out. Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505; Berry v. United States, 18 F.(2d) 276 (C. C. A. 8).

Punishment for the various offenses is provided in section 29, tit. 2 (U. S. C. tit. 27, § 46 [27 USCA § 46]). That section reads, so far as here material, as follows:

"Any person who manufactures or sells liquor in violation of this chapter shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years.

"Any person * * * who * * * violates any of the provisions of this chapter, for which offense a special penalty is not prescribed, shall be fined for a first offense not more than $500; for a second offense not less than $100 nor more than $1,000, or be imprisoned not more than ninety days; for any subsequent offense he shall be fined not less than $500 and be imprisoned not less than three months nor more than two years."

It is apparent from these provisions that the punishment for the offense of selling is different from the punishment for the offense of furnishing. It is also clear that Congress, by providing different punishments for selling and for furnishing, emphasized the distinctness of the two offenses.

The case at bar does not fall within that class of cases in which a statute prohibits the doing of a thing in any one of several modes, and in which consequently each of the modes may be alleged in the same count without duplicity resulting. Examples of such cases are Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097; Egan v. United States, 52 App. D. C. 384, 287 F. 958; Wright v. United States, supra.

In the instant case the allegations do not set forth different modes of committing the same offense, but they set forth the commission of two different offenses. It is, of course, possible to furnish without selling; and it is also possible, though not so frequent, to sell without furnishing.

[3] It is suggested that the word "furnish" may be disregarded as surplusage. We do not think this can be done. Words adequately charging a distinct offense cannot be rejected as surplusage. If they could, the vice of duplicity in criminal pleading could be practiced with impunity. The language of the information adequately charges two distinct offenses. If the words "and furnish" are stricken out, there remains an adequate charge of sale. If the words "sell and" are stricken out, there remains an adequate charge of furnishing. Leaving the language as it is, there are adequate charges of both sale and furnishing. The rule is stated in 31 C. J. 774, § 334 as follows: " * * * Where separate offenses are sufficiently charged, none of them can be rejected as surplusage in order to support the charge as of another." See United States v. Patty (D. C.) 2 F. 664. And, even if an amendment to the information were possible before the trial, no amendment was made or prayed for.

[4] Furthermore, there can be no aider by verdict where the offenses are subject to different punishment. 31 C. J. 879, § 551; Ammerman v. United States, 216 F. 326 (C. C. A. 8); John Gund Brewing Co. v. United States, supra; People v. Wright, 9 Wend. (N. Y.) 193; Reed v. People, 1 Parker Cr. R. (N. Y.) 481.

[5] Nor can we assent to the contention that the duplicity was a mere technical defect, to be disregarded under section 1025, Revised Statutes (U. S. C. tit. 18, § 556 [18 USCA § 556]), and section 269, Judicial Code, as amended (U. S. C. tit. 28, § 391 [28 USCA § 391; Comp. St. § 1246]). The defect was one of substance, and not within the purview of either of those statutes.

We are constrained to hold, therefore, that there was a joinder of distinct offenses in each of the counts of the information, and that the demurrer should have been sustained on that ground. John Gund Brewing Co. v. United States, supra; Ammerman v. United States, supra; United States v. Smith (D. C.) 152 F. 542; United States v. Cleveland (D. C.) 281 F. 249; United States v. Dembowski (D. C.) 252 F. 894.

Judgment reversed.