### CURTIS et al. v. UNITED STATES. *
### No. 5692.

Circuit Court of Appeals, Fifth Circuit.
Feb. 26, 1930.

Julian C. Ryer, of Miami, Fla., for appellants.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

*Rehearing denied April 8, 1930.

BRYAN, Circuit Judge.

This was an indictment in four counts against nineteen defendants. The first count charged a continuing conspiracy, against all the defendants, to smuggle intoxicating liquor from named foreign ports into the Southern district of Georgia, and to receive, conceal, and facilitate the transportation of such liquor with knowledge that it had been unlawfully imported; all in violation of section 593 of the Tariff Act of 1922. 19 USCA §§ 496, 497. The overt acts charged in the first count consisted of the use of motorboats on several occasions during the period covered by the conspiracy in smuggling and concealing intoxicating liquor. The second count charged some of the defendants with smuggling, and others with receiving, concealing, and transporting. All the defendants were acquitted on the third count. The fourth count charged all the defendants throughout the period of the conspiracy with receiving, concealing, and facilitating the transportation of twenty thousand bottles of intoxicating liquor, with knowledge that the same had been smuggled into the United States. Of the thirteen appellants, ten, including Bailey, were convicted on the first and second counts. Bailey was also convicted on the fourth count. Three of the appellants, Tuten, Walton, and Morgan, were convicted only on the fourth count.

Appellants assign error on orders overruling their demurrer to each count of the indictment and denying their motion for bills of particulars; and on rulings at the trial which admitted, over their objection and exception, certain documentary evidence, and the testimony of two government agents, Crowder and Beard, to the effect that they found in the possession of two of the appellants, and seized, quantities of liquor which other evidence tended to show had been smuggled into the United States.

The documentary evidence consisted of a book account against appellant Bailey for gasoline, and of copies of telegrams which were addressed to Bailey and to appellant Harrison. The gasoline was ordered by appellant Curtis and was supplied as fuel to one of the motorboats, which, it was charged, was used for smuggling liquor. Bailey paid for the gasoline without objection. The telegrams were delivered at Harrison's address, and Bailey called there for those addressed to him, although he had a place of business of his own. Each of these telegrams, though not in code, was couched in language which might well be found by the jury to have a hidden meaning. The witnesses Crowder and Beard testified that at about daylight they observed two automobiles heavily loaded with curtains drawn, one towing the other; that they followed them into the country place of Windham, one of the defendants who was granted a severance; that this place was surrounded by a solid metal fence, and was cut off from Windham's residence; that Windham opened the gate, and, as soon as the automobiles got inside the inclosure, attempted to close it, but that they stopped him, stating they were government officers, entered the inclosure, and discovered upon search that the automobiles were loaded with intoxicating liquor. Appellants Bailey and Tuten were the drivers of the two automobiles. These government agents were not armed with a search warrant.

We are of opinion that the first count of the indictment is good. The objection to it is that it charges a conspiracy to commit the two offenses of smuggling and of concealing after importation. But that objection is untenable. Bailey v. United States (C. C. A.) 5 F.(2d) 437. That count was definite enough, especially in view of the overt acts, to render a bill of particulars unnecessary. The second count charges the two offenses that were made the object of the conspiracy count; the offense of smuggling against some of the defendants and the offense of concealing, against others. That count is clearly bad for misjoinder and for duplicity. The fourth count charges, not a continuing offense, but a number of similar offenses separately committed over a long period of time. In our opinion it is bad for duplicity. It would be practically, if not quite, impossible to sustain by proof a plea of former jeopardy to a subsequent indictment alleging a similar offense within the period covered by this indictment. The documentary evidence was properly admitted. The account for gasoline tended to show Bailey's guilty connection with the offense charged. The telegrams were admissible to show that he and Harrison were acting in concert, and to support the inference that they both were receiving information regarding either the smuggling of liquor or its subsequent transportation. We are of opinion that the government agents had probable cause to believe that an offense was being committed in their presence, and therefore that the search of the automobile without warrant was not an unreasonable one. We are not unmindful of our ruling in Emite v. United States, 15 F.(2d) 623, that probable cause is not shown to ex-

ist merely by reason of the fact that a heavily loaded automobile is proceeding along a highway. But additional circumstances were shown in this case to indicate probable cause. Among them were the time of day, the towing of one car by another, with the loads they contained concealed by drawn curtains, off the public road and into a secluded place in the country which was protected from view by a solid wall. All these circumstances, taken together, were sufficient to render a search warrant unnecessary. The inclosure was separated from Windham's residence by a solid wall, and, therefore, no question arises of the right of search without warrant within the curtilage.

There is an assignment of error to the effect that some of the defendants were required by the trial court to stand up in order that they might be identified by witnesses for the government; but it is not supported by the record. On the contrary, it affirmatively appears that the trial court ruled that a defendant could not be compelled to stand up for identification.

The judgment is reversed as to appellants Tuten, Walton, and Morgan, who were convicted only on the fourth count. The judgment is affirmed as to all the other appellants, but the cause is remanded with directions to vacate the sentences imposed upon them on either the second or the fourth count, and for resentence on the first count.