## UNITED STATES v. KEMLER.

### No. 15651.

District Court, D. Massachusetts.

April 21, 1942.

650

Edmund J. Brandon, U. S. Atty., and Thomas P. O'Connor, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Aaron J. Bronstein and J. C. Johnston, both of Boston, Mass., for defendant.

FORD, District Judge.

The indictment in this case alleges a violation by the defendant of Section 39 of the Criminal Code, 18 U.S.C.A. § 91.[1]

The defendant moves to quash the indictment and demurs to it, asking dismissal, relying on several grounds. The grounds dealt with here are those argued in the defendant's brief.

■ First, the defendant alleges in both his motion and demurrer that the indictment is duplicitous, in that two or more distinct offenses are charged in the same count. The government argues only one offense is created by the statute but different means or modes of committing the offense are specified and it has charged the crime by only one method which will be discussed later. It is well settled that if one offense is created, all the means of committing it may be charged in a single count in the conjunctive, without the count being open to the charge of duplicity, and proof of the commission of any one of the means will be sufficient to sustain a conviction. United States v. Dembowski, D.C., 252 F. 894. Thus, the indictment is not defective because it charges the defendant "did * * * promise and offer to give money * * *".

■ But a more difficult question to answer is whether the indictment is defective in that it charges Dr. Musgrave was "an officer and person acting for and on behalf of the United States in an official capacity * * *". The government attempts to meet the argument by contending it has alleged only one charge in the indictment, to wit, bribery of an officer, and that the words "person acting for and on behalf" are descriptive, surplusage, and add nothing to the indictment. To be sure, an officer of the United States is usually, in the performance of his duties, a person acting for or on behalf of the United States. But it is equally true that one may be guilty by bribing one not an officer, as for instance, an employee acting for or on behalf of the United States in an official capacity. These are two different classes of persons. Cf. Shields v. United States, 58 App.D.C. 215, 26 F.2d 993. I do not believe these words are descriptive and for that reason surplusage; they embrace the ingredients of a crime. Cf. Creel v. United States, 8 Cir., 21 F.2d 690, 691. Though the government could have charged bribery of an officer alone and described him as one who was acting for or on behalf of the United States in an official capacity, it did not do so. See Henderson v. United States, 4 Cir., 24 F.2d 811. The government charged the defendant, in addition, with bribing one "acting for and on behalf of the United States"— the crime of bribery denounced in the statute by a different means or method than denounced in bribery of an officer. I conclude the government, as far as the pleading goes, was warranted in doing this, however, for the reason that the statute, also in this regard does not create separate and distinct offenses but one offense by different methods. Malaga v. United States, 1 Cir., 57 F.2d 822; Ching Wan et al. v. United States, 9 Cir., 35 F.2d 665; Turner v. United States, 57 App.D.C. 39, 16 F.2d 535; United States v. Dembowski, supra; Ackley v. United States, 8 Cir., 200 F. 217. The fact different persons may be involved in the different means is of no moment. United States v. Scott, C.C., 74 F. 213.

■ The contention of the defendant that in the event of a subsequent prosecution an inspection of the record will prevent his knowing whether or not he is in double jeopardy, is without merit. He is charged with bribing Dr. Musgrave. He cannot be tried again for it. If another indictment is silent as to the name it can be supplied by extrinsic evidence.

Inasmuch as the government will, in all probability, seek another indictment be-

---

1 "Whoever shall promise, offer, or give, * * * any money * * * to any officer of the United States, or to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the Government thereof, * * * with intent to influence his decision or action on any question, * * * or pro-ceeding which may at any time be pending, or which may by law be brought before him in his official capacity, * * * or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, * * * or to induce him to do or omit to do any act in violation of his lawful duty, * * *."

cause of what is said later, it might be better pleading, in order to avoid any charge of duplicity, to indict the defendant in two separate counts.

■■ The next point raised by the defendant is that the charge is no offense against the laws of the United States, in that the person sought to be bribed is not an officer of the United States. In the view I take of the indictment, the government is not compelled to prove, in order to warrant a conviction, that Dr. Musgrave is an officer of the United States. If it proves that Dr. Musgrave was either an officer or one acting for or on behalf of the United States, with the other essential elements, a conviction will be sustained. Consequently, there is no compulsion at this time to pass upon the question whether Dr. Musgrave is an officer of the United States in the constitutional sense. However, I believe Dr. Musgrave was an officer of the United States within the meaning of this statute. He was appointed by the President under a regulation promulgated by him. The President was specifically authorized to prescribe rules. Section 10, Selective Training and Service Act of 1940, 50 U.S. C.A. Appendix § 310; Article 2, Section 2 of the Constitution of the United States; cf. Totus et al. v. United States et al., D.C., 39 F.Supp. 7; Steele v. United States, 267 U.S. 505, 45 S.Ct. 417, 69 L.Ed. 761; United States v. Remington, 2 Cir., 64 F.2d 386; Hone Wu v. United States, 7 Cir., 60 F.2d 189.

■■ Next, the defendant argues "If it is sought to sustain the indictment upon the ground that it alleges that the person sought to be bribed was a 'person acting for or on behalf of the United States in an official function', the indictment should describe the duties of the person * * * the defendant sought to bribe". It appears that inasmuch as the government can, and may, finally rely upon this fact to support the conviction, under the authority of United States v. Patterson, D.C., 286 F. 760, and United States v. Ingham et al., D.C., 97 F. 935, it is incumbent upon the government to describe the duties or official function of the person who it alleges is acting for or on behalf of the United States. Sufficient allegations are necessary to show that the person to whom the money was offered is included in the class Congress intended to protect. For this reason, the indictment is defective as there are no facts from which it appears that the person acting in an official capacity was being bribed in connection with his line of duty. United States v. Christopherson et al., D.C., 261 F. 225; United States v. Gibson, D.C., 47 F. 833. Consequently, the indictment does not charge an offense against the statute in that it does not state all the facts of which the crime was constituted.

■ Further, in this connection, there is no sufficient allegation in the indictment that the defendant was within the jurisdiction of Selective Service Board Number 128, Revere, Suffolk County, Massachusetts. Certainly, it was essential that he should be, in order to commit the offense charged. If the defendant was not within the jurisdiction of this Board any report Dr. Musgrave might make would not be within his official function.

■ Again the defendant contends the indictment is vague and indefinite with respect to the allegation of scienter. The indictment does allege the defendant "well knew that the said Dr. H. S. Musgrave was an officer and person acting for and on behalf of the United States in an official function." It fails to allege directly that the doctor was an officer or person acting for or on behalf of the United States whose duty it was to report concerning the fitness of the defendant for military service. It is argued that the doctor, or person acting for the United States, might have been known to the defendant as acting wholly apart from the requirements of the Selective Service Act. I do not believe there is any merit in this contention because if the allegations of knowledge set out above are not sufficient, in themselves, it is sufficiently implied from other parts of the indictment. Cohen v. United States, 6 Cir., 294 F. 488, 490.

■ There is nothing in the defendant's point "F" in the brief. The court will take judicial notice of the requirements as to whom the doctor is to report.

For the reasons stated above, the motion to quash is granted, the demurrer is sustained, and the indictment is dismissed.