## UNITED STATES v. BROTHMAN et al.

United States District Court
S. D. New York.
Nov. 14, 1950.

See also, D.C., 93 F.Supp. 368.

Irving H. Saypol, U. S. Atty., New York City, for United States of America. Thomas J. Donegan, Spec. Asst. to U. S. Atty., Roy M. Cohn, John M. Foley, Asst. U. S. Attys., all of New York City, of counsel.

William W. Kleinman, and Mortimer Sattler, Brooklyn, N. Y. and William Messing, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

The following is the Court's ruling on the motion of the defendants addressed to the face of the indictment.

■ Count I of the indictment charges that Abraham Brothman, Miriam Moskowitz, Harry Gold and divers other persons did "unlawfully, wilfully, knowingly and corruptly combine, conspire, confederate and agree together, and with each other, to defraud the United States of America in the exercise of its governmental function of administering and enforcing the criminal laws of the United States of America, and to influence, obstruct and impede the due administration of justice therein, in violation of Title 18, United States Code, Section 241 (1946 ed.)."

This Count sufficiently states a conspiracy to violate Section 241 [1948 Revision, 18 U.S.C.A. § 1503].

■ The defense alleges that the charge against defendant Brothman in Count II of the indictment is of the type which will not permit of an additional and separate conspiracy count. The case which is decisive of this issue is Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489, decided by the Supreme Court in 1946. In that case the Supreme Court said that the common law rule that substantive offenses merged in the conspiracy has little vitality in this country except in certain notable instances.

It is apparent that the defense seeks to bring this case within the first of those notable exceptions, that is, that the conspiracy count will not lie where the agreement of two persons is necessary for the completion of the substantive crime and there is no ingredient in the conspiracy which is not present in the completed crime.

This doctrine was previously applied in Slade v. United States, 10 Cir., 1936, 85 F.2d 786, 788, wherein the Court said: "where concert is necessary to an offense, such as bribery, conspiracy to commit the substantive offense will not lie * * *." This doctrine is not applicable in the present case. To begin with, Count I charges that several persons conspired, including the defendant Moskowitz. She is not named or charged in Count II of the indictment. Thus there is an ingredient in the conspiracy which is not present in the crime charged in Count II. Furthermore, concert of action is not necessary for the substantive offense charged in Count II of the indictment. The gist of the charge in Count II is that the defendant Abraham Brothman endeavored to influence a witness before the Grand Jury in violation of Section 241. As has been stated in several cases, namely United States v. Russell, 1921, 255 U.S. 138, 41 S.Ct. 260, 65 L.Ed. 553 and as reiterated in footnote 5 of Slade v. United States, 85 F.2d at page 789, in which footnote the following language found in United States v. Russell was quoted: "The section (that is Section 241) * * * is not directed at success in corrupting a juror, but at the 'endeavor' to do so. Experimental approaches to the corruption of a juror are the 'endeavor' of the section. Guilt is incurred by the trial —success may aggravate; it is not a condition of it."

Thus Count II charges unilateral action on the part of Brothman in endeavoring to influence a juror. No concert of action was required to violate Section 241. The violation of the statute was complete if there was an endeavor. Catrino v. United States, 9 Cir., 1949, 176 F.2d 884.

The success of the endeavor, that is the actual influencing and impeding of justice was not necessary to complete the crime.

However, Section 242 of Title 18 [1948 Revision, 18 U.S.C.A. § 371] which was in effect at the time of the alleged commission of the crime charged in the indictment made it a crime for two or more persons to conspire to violate Section 241.

The enactment of a special conspiracy section to go with Section 241 indicated that it was not the type of substantive crime that would preclude a conspiracy

926

count. At any event, it would not prevent an attack on such a count merely on the face of the indictment.

The motion by defendants addressed to Count I of the indictment is at best premature and is denied at this time.

■■ The defendants also move to dismiss for duplicity Count II of the indictment.. That motion must be denied on the principle that where a statute denounces several acts as a crime, they may be charged in one indictment, or in a single count if they are connected in the conjunctive. An indictment drawn in that manner is not duplicitous and it suffices to prove any one or more of the charges. Troutman v. United States, 10 Cir., 1938, 100 F.2d 628; Wolpa v. United States, 8 Cir., 1936, 86 F.2d 35 and Price v. United States, 5 Cir., 1945, 150 F.2d 283.

The motion of the defendants to dismiss the indictment is denied in its entirety.