**UNITED STATES of America**

v.

**Vincent J. RICCIARDI, Fred Meyer, and Stanley M. Unger, Defendants.**

**No. 64 Cr. 863.**

United States District Court
S. D. New York.

Jan. 6, 1965.

See also D.C., 40 F.R.D. 133.

Andrew J. Maloney, Asst. U. S. Atty., New York City, for United States.

George Wolf, New York City, for defendant Vincent J. Ricciardi.

WYATT, District Judge.

This is a motion by defendant Ricciardi to dismiss for duplicity each count of the indictment (he is named in counts 1 through 15 only). In a proper case, a count in an indictment which is bad for duplicity should be dismissed and Fed.R.Crim.P. 8(a) and 12(b) (2) appear to authorize the present motion. See United States v. Gibson, 310 F.2d 79, 80 n. 1 (2d Cir. 1962); United States v. Galgano, 281 F.2d 908, 911 (2d Cir. 1960).

Each of the first 15 counts charges that on or about a specific date set forth Ricciardi was a "representative of employees" and "did * * * receive and accept, and agree to receive and accept * * * a thing of value" in violation of 29 U.S.C. § 186, a part of the Taft-Hartley Act.

The cited statute in relevant part makes it unlawful for any employer to pay, deliver, etc. anything of value to any representative of his employees and then makes it unlawful for "any person to * * * receive, or accept, or agree to receive or accept" anything of value first prohibited. 29 U.S.C. § 186(b) (1). A further subsection of the same 29 U.S.C. § 186 (Section 302 of the Taft-Hartley

Act) provides the penalty for violation of "any of the provisions of this section". 29 U.S.C. § 186(d).

The argument for movant is that each count charges two distinct offenses: (1) receipt and acceptance and (2) an agreement to receive and accept. Movant relies principally on Burton v. United States, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057 (1906); Creel v. United States, 21 F.2d 690 (8th Cir. 1927); Curtis v. United States, 38 F.2d 450 (5th Cir.), cert. denied 281 U.S. 768, 50 S.Ct. 467, 74 L.Ed. 1175 (1930); and United States v. Shackelford, 180 F.Supp. 857 (S.D.N.Y.1957).

No memorandum of law was submitted by the United States Attorney but at oral argument it was asked for him that the motion be denied.

█ Movant appears to be right that an indictment could have been returned charging him in separate counts with the two distinct offenses (1) of receiving or accepting and (2) of agreeing to receive or accept. Burton v. United States, above, is authority for the proposition; so is United States v. Michelson, 165 F. 2d 732, 733 (2d Cir. 1948). But where the two distinct offenses are contained in the same statute and the same punishment is provided for both, a count is not bad for duplicity because it alleges both offenses.

█ The principle established by the cases has been summarized as follows: "There is no duplicity merely because of conjunctive averments in an indictment based on a statute phrased in the disjunctive." Orfield, Joinder in Federal Criminal Procedure, 26 F.R.D. 23, 33.

█ Some of the authorities which support this principle are: Crain v. United States, 162 U.S. 625, 636, 16 S.Ct. 952, 40 L.Ed. 1097 (1896); Cordova v. United States, 303 F.2d 454 (10th Cir. 1962); Kitchens v. United States, 272 F.2d 757 (10th Cir. 1959); Cathcart v. United States, 244 F.2d 74 (10th Cir.

1957); United States v. Greenberg, 30 F.R.D. 164, 169–170 (S.D.N.Y.1962); United States v. Isabella, 210 F.Supp. 281 (D.C.Mass.1962); United States v. Raff, 161 F.Supp. 276, 281 (D.C.Penn. 1958); United States v. Brothman, 93 F.Supp. 924 (S.D.N.Y.1951).

The reasoning behind these decisions is that the same statute is involved, the same punishment is involved, and there can be only one conviction of a violation of the statute on each count. There is thus no possible prejudice to the defendant. Indeed there is in a sense an advantage to the defendant. As Mr. Justice Harlan said in Crain v. United States, above 162 U.S. at 636, 16 S.Ct. at 955: "* * * this is a view altogether favorable to an accused, who pleads not guilty to the charge contained in a single count, for a judgment on a general verdict of guilty upon that count will be a bar to any further prosecution in respect of any of the matters embraced by it." The same thought was apparently in Judge Bryan's mind when he said in United States v. Greenberg, above 30 F.R.D. at 170: "Only one conviction of a violation * * * can result here whether all or any of the activities prohibited in its subdivisions are established".

The cases cited for movant all involved some prejudice to defendant. In Creel v. United States, above, the punishment for the separate offenses in one count was different. Even so, Creel may have been wrongly decided; see the criticism in 37 Yale L.J. 522 (1928). In Curtis v. United States, above, several defendants were joined in the same count, some of whom were charged with one offense and others with another offense; in another count there were "similar offenses separately committed over a long period of time" (38 F.2d at 451). By contrast, in the case at bar the separate offenses are alleged to have taken place at the same time. In United States v. Shackelford, above, there was a conspiracy count charging conspiracy to violate different statutes, where the punishment for con-

spiracy differed according to which statute was involved. The decision was after conviction; Judge Levet did not set aside the conviction for duplicity in the count but instead sentenced within the permissible limits of the most lenient penalty provision involved.

The motion to dismiss for duplicity is accordingly denied.

So ordered.