**UNITED STATES of America,
Plaintiff,
v.
Witold LUBOMSKI, Defendant.
No. 67 CR 99.**

United States District Court
N. D. Illinois, E. D.

April 28, 1967.

---

Edward V. Hanrahan, U. S. Atty., Richard G. Schultz, Asst. U. S. Atty., Chicago, Ill., for the Government.

Edward Paluch, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Defendant's Pretrial Motions

Defendant is charged in a one-count indictment with directly and indirectly offering, promising, and giving $160 to Patricia J. Haag, an employee of the Internal Revenue Service, on or about February 1, 1967, with intent to influence her to unlawfully reduce defendant's income tax liability, in violation of 18 U.S.C. Sec. 201.[1]

1. The pertinent provisions of which are:
"(b) Whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—
(1) to influence any official act; or
(2) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
(3) to induce such public official or such person who has been select to be a public official to do or omit to do any act in violation of his lawful duty; or
\* \* \* \* \*
Shall be fined not more than $20,000 or three times the monetary equivalent of the thing of value, whichever is greater, or imprisoned for not more than fifteen years, or both, and may be disqualified from holding any office of honor, trust, or profit under the United States.

Several pre-trial motions have been filed, each of which we will consider separately.

## I. *Motion to Quash Indictment*

■ In support of his motion to quash, defendant argues that Patricia J. Haag was not an employee of the United States Government on February 1, 1967, having terminated her employment on January 31, 1967. It is axiomatic that in order to allege an offense under section 201, the person receiving the alleged bribe must have been an officer of the government and have been acting for the government in his official capacity. United States v. Raff, 161 F.Supp. 276 (M.D.Pa.1958); Hurley v. United States, 192 F.2d 297 (4th Cir. 1951).

■ Nothing is offered to substantiate defendant's bald claim that Mrs. Haag was not a government employee on or about February 1, 1967. Indeed the government asserts that it will prove all of the allegations of the indictment, including the allegation that Patricia J. Haag was employed by the Revenue Service *on or about* February 1, 1967. If, of course, it is finally determined that Mrs. Haag was not a government agent at the time the alleged bribe was made, defendant must be found not guilty. But it is not incumbent on the government to prove its case in the indictment. Defendant's argument is of no merit at this juncture.

■ In addition, defendant claims the indictment is fatal because Patricia Haag was only a tax technician as set forth in the indictment and allegedly had no authority or power to reduce defendant's tax liability. There being nothing offered to substantiate this claim, it cannot form the basis for dismissal of the indictment. Again, we stress that the government is under no obligation to do more than set forth its allegations in the indictment. Furthermore, even if some substantiation were offered for defendant's assertion, for a conviction under section 201 it is immaterial that the bribee does not have the authority to bring about the result which the offerer of the bribe desires. Hurley v. United States, 192 F.2d 297, 300 (4th Cir. 1951).

■ Finally, defendant claims the indictment is duplicitous[2] in that it charges defendant with offering, promising *and* giving money to Patricia Haag, and in addition charges facts allegedly giving rise to a conspiracy between defendant and Mrs. Haag. Under Rule 8(a) of the Federal Rules of Criminal Procedure, two or more offenses may be prosecuted in a single indictment only if of similar character, or if based upon the same act or transaction, or if when connected together constitute parts of a common scheme or plan. When such offenses are joined, each must be set forth in a separate count.

■ Three separate and distinct activities may form the basis of a violation of section 201, since the giving, offering or promising of something of value are stated disjunctively in the statute. Each constitutes a different means of violating the statute, and consequent-

(f) Whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be a public official; or

 * * * * *

Shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

2. More specifically, defendant charges the indictment is "multiplicitous." But Professor Moore points out:

"Duplicity * * * means charging multiple offenses in a single count. This problem should not be confused with the reverse situation, i. e. charging a *single offense* in multiple counts, sometimes referred to as 'multiplicity' ". 8 Moore, Federal Practice, Par. 8.03(2), p. 8–7.

Since what defendant apparently refers to is "duplicity," we take the liberty of substituting that phrase for defendant's own.

ly it has been held that each of the three modes may give rise to a separate and distinct offense even when parts of a single transaction, since each involves an element which the others do not. United States v. Michelson, 165 F.2d 732 (2d Cir. 1948), affirmed 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168. Each activity may be prosecuted as a separate offense if "separate acts have been committed with the requisite criminal intent * * *" Morgan v. Devine, 237 U.S. 632, 640, 35 S.Ct. 712, 714, 59 L.Ed. 1153 (1914), as cited in United States v. Michelson, supra at 733. But under Rule 8(a), if that is done separate counts must be utilized.

Defendant contends that the instant indictment is duplicitous since each of the three activities charged therein may give rise to a separate violation of section 201. Since the indictment consists of but a single count, it is fatally deficient, in his opinion, because it puts him in danger of multiple convictions.

The prohibition against duplicity is explained as follows by Professor Moore:

"It protects a defendant's right under the Sixth Amendment and Rule 7(c) to notice of the 'nature and cause of the accusation' against him so that he may prepare his defense. It also insures that if defendant is convicted, the offense upon which he is convicted will clearly appear from the verdict, so that appropriate punishment may be imposed. Finally, duplicity is prohibited because confusion as to the basis of the verdict may subject defendant to double jeopardy in the event of a subsequent prosecution." 8 Moore, Federal Practice, Par. 8.03 (2), pages 8–6, 8–7.

■■ The proper objection to a duplicitous indictment is usually asserted to be a motion to compel the government to elect the charges on which it desires to proceed.[3] 8 Moore, Federal Practice, Par. 8.04, p. 8–12; United States v. Goodman, 285 F.2d 378 (5th Cir. 1960); Rule 14, Federal Rules of Criminal Procedure. Normally a motion to dismiss an indictment defective for duplicity is treated by the courts as a motion to compel election.

■ The instant indictment does not require such an election, because we are satisfied that it is not duplicitous. Indeed, the law appears settled on the question.

Construing an indictment brought under the predecessor to section 201,[4]

3. Defendant has a constitutional right to be charged by the grand jury. U.S. Const. Amend. V. Thus an indictment cannot be amended or broadened except by resubmission to the grand jury. Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887). But the Supreme Court has held that withdrawing a part of a charge from the indictment does not constitute an amendment thereof. Salinger v. United States, 272 U.S. 542, 548–549, 47 S.Ct. 173, 71 L.Ed. 398 (1926); Overstreet v. United States, 321 F.2d 459, 461 (5th Cir. 1963). Thus the practice of requiring the government to elect which of the charges it intends to prosecute in a duplicitous indictment, has not been viewed as an "amendment" of the indictment.

The doctrine of election is ordinarily of advantage to a defendant. It means that the government must elect which of the separate charges it intends to pursue. Because the government originally could

have prosecuted all of the charges in separate counts, requiring an election spares the defendant from having to defend against multiple offenses. Were the indictment dismissed, the prosecution could return a new indictment stating all of the separate offenses in separate counts. See 8 Moore, Federal Practice, Par. 8.04(1), p. 8–13.

But, Judge Brown, dissenting in Overstreet v. United States, supra, at 462, indicated his strong belief that election by the prosecution deprives a defendant of his right to be charged by the grand jury. See Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L.J. 1149, 1180 n. 98 (1960). Cf. Franklin v. United States, 117 U.S.App.D.C. 331, 330 F.2d 205, 207 (1964).

4. 18 U.S.C. Sec. 91 read: (in pertinent part) "Whoever shall promise, offer, or give * * * any money * * * to any officer of the United States, or to any person acting for or on behalf of the

Judge Ford, in United States v. Kemler, 44 F.Supp. 649 (D.Mass.1942), held that the indictment was not defective merely because it charged the defendant with promising *and* offering to give money. The original statute, of course, like section 201, prohibited the promising, offering *or* giving of any money to an official for the purpose of influencing his decision or action. The court decided that the statute created only one offense but provided several means of committing it. Where this is true, United States v. Dembowski, 252 F. 894 (D.C.1918), established that "all the means of committing it may be charged in a single count in the conjunctive, without the count being open to the charge of duplicity, and proof of the commission of any one of the means will be sufficient to sustain a conviction."

The *Kemler* holding, of course, does not preclude the government from charging separate violations of section 201, by different means, even if part of a single transaction, so long as they are stated in separate counts. United States v. Michelson, 165 F.2d 732, 733 (2d Cir. 1948), cited above, reads only that where one count is charged under the statute, conviction of only one offense can result.

The rationale inherent in the *Kemler* decision was originally stated by the Supreme Court in Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097 (1896):

> "The statute (relating to alteration and forgery and also phrased in the disjunctive) was directed against certain defined modes for accomplishing a general object, and declared that the doing of either one of several specified things, each having reference to that object, should be punished by imprisonment at hard labor for a period of not less than five years nor more than ten years, or

by imprisonment for not more than five years and a fine of not more than one thousand dollars. We perceive no sound reason why the doing of the prohibited thing in each and all of the prohibited modes may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute. And this is a view altogether favorable to an accused who pleads not guilty to the charge contained in a single count, for a judgment on a general verdict of guilty upon that count will be a bar to any further prosecution in respect of any of the matters embraced by it."

See Wolpa v. United States, 86 F.2d 35, 38 (8th Cir. 1936); United States v. Raff, 161 F.Supp. 276, 281 (M.D.Pa. 1958); Troutman v. United States, 100 F.2d 628, 631 (10th Cir. 1938); United States v. Ricciardi, 40 F.R.D. 135, 136 (S.D.N.Y.1965).

More recently the *Crain* doctrine was summarized as follows: "There is no duplicity merely because of conjunctive averments in an indictment based on a statute phrased in the disjunctive." Orfield, Joinder in Federal Criminal Procedure, 26 F.R.D. 23, 33.

Two other cases involving federal bribery statutes affirm the principle bespoken by *Kemler*. In United States v. Raff, 161 F.Supp. 276 (M.D.Pa.1958), where the statute, a predecessor to section 201, prohibited asking, accepting *or* receiving money in connection with official duties, the court held an indictment phrased in the conjunctive to be proper. And in United States v. Ricciardi, 40 F.R.D. 135 (S.D.N.Y.1965), where the statute (29 U.S.C. Sec. 186(b) (1)), a part of the Taft-Hartley Act, makes it unlawful for "any person to

United States in any official function, under or by authority of any department or office of the Government thereof * * * with intent to influence his decision or action on any question, * * * or proceeding which may at any time be brought

before him in his official capacity, * * * or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, * * * or to induce him to do or omit to do any act in violation of his lawful duty, * * *"

* * * receive, or accept, or agree to receive or accept" anything of value, the court upheld an indictment written in the conjunctive. The court said:

"The reasoning behind these decisions is that the same statute is involved, the same punishment is involved, and there can be only one conviction of a violation of the statute on each count. There is thus no possible prejudice to the defendant. Indeed there is in a sense an advantage to the defendant. (citing from Crain v. United States) * * * The same thought was apparently in Judge Bryan's mind when he said in United States v. Greenberg, above 30 F.R.D. [164,] at 170: 'Only one conviction of a violation * * * can result here whether all or any of the activities prohibited in its subdivisions are established.'" 40 F.R.D. at 136.

Accord: Pines v. United States, 123 F.2d 825, 829 (8th Cir. 1941); United States v. Greenberg, 30 F.R.D. 164, 169–170 (S.D.N.Y.1962); United States v. Segelman, 86 F.Supp. 114, 120 (W.D.Pa. 1949); United States v. Lutz, 142 F.2d 985, 990 (3rd Cir. 1944).

It is apparent, therefore, that section 201 can be relied upon to establish only one offense in each count of an indictment. For this reason, the defendant is not prejudiced by the present indictment which includes several alternative methods by which the statute could have been violated. He can be convicted of only one offense. And he is sufficiently informed of the charge against him so that he may prepare his defense adequately, especially since he may not be prosecuted again for any of the matters included in the present indictment.

For the above reasons, defendant's motion to quash the indictment is denied.

## II. *Motion for Bill of Particulars*

The recent amendment to Rule 7(f) eliminated the requirement that the defendant show "cause" prefatory to being granted a bill of particulars. This is to encourage a more liberal approach to this matter by the courts, without taking away their discretion in individual cases. We have always been in favor of liberal discovery by the defense in criminal proceedings, even prior to the recent amendments to the rules.

We might note that in the instant case, defense counsel's "briefs" were less than elaborate presentations of the merits of his client's position on these motions. Nevertheless we will direct government counsel to furnish the name and address of the supervisor of Patricia J. Haag. In addition, the government shall state the *approximate* time and place where the alleged crime occurred. That is, the day and approximate hour, and the place, if either is known.

Defendant is not entitled to a list of witnesses, or to the name and address of the person who received the money or his capacity, this being a non-capital case. 18 U.S.C. Sec. 3432.

## III. *Motion for Production of Grand Jury Transcript*

This request must be denied, there being no showing whatever, as is required by Rule 6(e), "that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

## IV. *Motion for Production of Recorded Conversations*

Defendant requests that the government produce:

"Any and all recorded electronic tape messages or other media of any recorded conversation by telephone or personal involving this defendant."

Although the request is not so limited, we presume defendant desires to discover, *inter alia*, all electronically recorded conversations to which he was a party, which relate to the instant prosecution.

Rule 16(a) (1) of the Federal Rules of Criminal Procedure, as recently amended, provides:

"Upon motion of a defendant the court may order the attorney for the government to permit the defendant to

inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government * * * "

The government contends that since defendant allegedly has made no showing of need for such discovery, the court, in exercising its discretion, should deny the motion.

Even before the recent amendment to Rule 16, this court favored the production of relevant statements made by defendants which were within the possession or custody of the government. Hence, we have routinely directed the government to turn over written or recorded statements or confessions made by defendants in criminal cases, even where no showing of materiality was made. Aside from the fact that Rule 16 requires no such showing, it seems evident that confessions or statements would be highly material and of extreme value to the preparation of an adequate defense.

However, the instant request includes recordings of any conversations to which defendant was a party, which involved the alleged offense. The question arises whether such recordings are included within the terms "statements or confessions made by the defendant."

As of the present date, this issue has not been decided by any of the various Courts of Appeal. But in United States v. Baker, 262 F.Supp. 657, 671–672 (D.D.C.1966), the court ordered the government to produce recorded conversations of the defendant with persons other than government agents, which were in the government's possession or custody. The government took the position that Rule 16(a) (1) relates only to written or recorded statements made to agents of the government, such as the Federal Bureau of Investigation or the Internal Revenue Service. Judge Gasch replied:

"The Court has examined the committee report and finds no basis for this contention. It may be, as the Government contends, that the cases noted by the committee refer entirely to situations in which the written statement of the defendant or recordings of the defendant's statement were made by agents of the Government. The committee's note, however, contains no such limitation * * * "

The motion at issue presumably seeks all conversations with government agents or third persons, made either prior to or after arrest. Under *Baker*, defendant would be entitled to such recordings, since the court in no way limited the recordings which should be produced with respect to the time they were made, and specifically rejected the government's contention that only statements made to government agents are producible.

But before we accord controlling weight to *Baker*, we should point out that two judges in this District Court have expressed opposing viewpoints on the present issue, in recent decisions.

In United States v. Kayne, No. 65 CR 203 (Minute Order Decision, March 3, 1967), like the instant case, one brought under 18 U.S.C. Sec. 201, Judge Napoli denied without further comment, the defendant's request for any recorded conversations between himself and the alleged bribee, a revenue agent, on the ground that such recordings do not constitute "statements" within Rule 16(a) (1).

However, Judge Lynch reached an opposite conclusion in United States v. Iovinelli, 276 F.Supp. 629, (Memorandum Decision, March 21, 1967), a case brought under the same statute. The able judge distinguished United States v. Sopher, 362 F.2d 523 (7th Cir. 1966), where our Court of Appeals held that tape recordings of a conversation between the payer and the recipient of a bribe did not constitute a "statement" within the meaning of the Jencks Act, 18 U.S.C. Sec. 3500.

Judge Lynch stated:

"The Sopher case is not dispositive of the issue before this Court. The case holds there is no absolute right to production under section 3500 of the type of recording which is at issue here. To the extent that Section 3500 gives a right to the production of the statements of government witnesses after they have testified, the word 'statements' is expressly defined as written statements or a recording of a 'substantially verbatim recital of an oral statement.' This definition precludes a recording of contemporaneous sounds of a normal conversation.

But 'statements' as used in paragraph (a) of Rule 16 is not so limited because the word is not defined. The mere fact that paragraph (b) of Rule 16 refers to Section 3500 statements, insofar as that section prohibits pretrial discovery, does not mean, in the Court's opinion, that the word 'statements' in paragraph (a) of Rule 16, which grants discovery, is limited to statements which are a recital of past occurrences * * *"

To that we might add an additional distinction between section 3500 statements and tape recordings of defendants' conversations. Jencks Act statements are pre-trial statements of government witnesses producible only at trial and after the direct testimony of the witness. Congress specifically limited the production of such statements, out of concern for the security of government witnesses, among other reasons. No such considerations apply to recordings of defendants' own conversations. To the contrary, the need for such information as an aid to defense preparation far outweighs, in the normal case, the need for the pretrial statements of government witnesses.

 We think the purposes of Rule 16 would best be subserved by including the recordings sought here within the purview of the rule. The expanded scope of the rule was designed expressly to encompass "what the Supreme Court has described as the 'better practice'

(Cicenia v. La Gay, 357 U.S. 504, 511, [78 S.Ct. 1297, 2 L.Ed.2d 1523] (1958))." See Advisory Committee Notes to Rule 16(a). Disclosure to the defendant of his statements not only accords with basic fairness, but does much to reduce surprise as a factor in federal criminal trials. Recordings of incriminating conversations are potentially more damaging to criminal defendants than even direct oral or written confessions of guilt. Especially is this true in a bribery case, for a recording could well contain a verbal transcription of the commission of the alleged crime itself. Inspection of such recordings is absolutely necessary to criminal defendants in order to enable them to properly prepare their defenses. This type of disclosure in advance of trial could very well result in making a trial unnecessary by a plea of guilty.

If confessions are producible under Rule 16(a) (1), the same principles would seem to apply even more compellingly to recorded conversations, particularly because the defendant may not even be aware that his remarks were recorded. It seems logical that the considerations requiring production of statements knowingly and willingly made, should apply *a fortiori* to incriminating remarks furnished unwittingly to the government. That confessions of defendants obtained secretly through recording devices are encompassed within the intent of the rule seems apparent from the Comments of the Advisory Committee, which state at one point: "The defendant is not required to designate because he may not always be aware that his statements or confessions are being recorded. * * *." The language employed indicates that the Advisory Committee intended the rule to apply to secretly recorded remarks, since it would never have asserted that the defendant might not be aware of statements he had given, if it was limiting the rule to statements willingly and knowingly provided to the government.

The rationale for our convictions on this issue was well stated in Cash v. Superior Court, 53 Cal.2d 72, 346 P.2d 407 (1959), a case cited by Judge Lynch and one of the state cases cited with

approval in the Advisory Committee Notes to Rule 16. The court held that the defendant was entitled to inspect and copy any recording or transcription of conversations between him and a police officer posing as a prospective accomplice. The court first cited several cases in which it had held the accused entitled to obtain written statements made in the police station after the commission of the crime, or to obtain tape recordings of defendant's statements to the police during interrogation. The court then stated: (346 P.2d at 409)

> "The recordings sought by petitioner, if they exist, are even more important to the defense than the material obtained by the defendants in the cases cited above. Any such recordings are obviously composed not only of petitioner's own statements but also those of Barker, a prosecution witness who testified at the preliminary hearing with respect to what was said. The conversations occurred in the course of the commission of the alleged crimes, and it is charged that what petitioner said constitutes solicitation to commit burglary. Any effort to impeach Barker and refute this charge would depend to a great extent on petitioner's precise knowledge as to the contents of the conversations."

Judge Lynch's decision in *Iovinelli*, and the *Baker* case seem consonant with the objectives of Rule 16(a). No worthy purpose would be served by construing the word "statements" narrowly. With all respect to my good brother, Judge Napoli does not suggest any grounds for his decision in *Kayne*, and we shall not follow it.

The government is directed to produce the recordings in issue for inspection or copying.

### V. *Motion to Produce Records*

█ Because defendant has made no "showing of materiality to the preparation of his defense and that the request is reasonable", as is required by new Rule 16(b), we deny his motion to produce records made by the tax technician, supervisor, and tax agent.