**UNITED STATES of America,**
Plaintiff,

v.

**Nicholas SELAGE, Paul Three Stars,**
Defendants.

**Cr. No. 3732.**

United States District Court
D. South Dakota, W. D.

July 31, 1959.

Clinton G. Richards, U. S. Atty., and Lyle E. Cheever, Asst. U. S. Atty., Sioux Falls, S. D., appeared in behalf of the plaintiff.

Charles A. Fisher, Chadron, Neb., and David E. Morrill, Sturgis, S. D., appeared in behalf of the defendant Nicholas Selage.

MICKELSON, Chief Judge.

The defendants were indicted on three counts. Count I charged them with willfully and unlawfully, on a designated date, purloining, knowingly converting to their own use, and without authority selling and conveying and disposing of a thing of value of the United States, to-wit: Four white-faced calves assigned to the Department of the Interior, Bureau of Indian Affairs, in violation of Sec. 641 of Title 18 U.S.C.A. Counts II and III of the indictment make essentially the same charge as Count I, but relate to the purloining, converting and selling of other calves on different dates.

The defendant Paul Three Stars entered a plea of guilty as to all three counts on June 13, 1959, and the case proceeded against the defendant Nicholas Selage as the sole defendant. The defendant Selage entered a plea of not guilty. Before trial the defendant moved to dismiss the indictment, or in the alternative for a bill of particulars setting forth whether the government intended to prove that the defendant purloined the property charged in each count, or whether the government intended to prove that the defendant converted the same to his own use without the actual purloining, or whether the government intended to prove that the defendant sold the property and conveyed it without authority. The court denied defendant's motion to dismiss, but required the government to furnish a bill of particulars as requested. The defendant was then tried by jury and found guilty as to each count of the indictment.

The case is now before the court on motions by the defendant Nicholas Selage (1) for judgment of acquittal notwithstanding the verdict, or in the alternative to vacate and set aside the verdict and grant a new trial, and (2) in arrest of judgment.

The defendant now urges as grounds for judgment notwithstanding the verdict and in arrest of judgment the following:

1. Each count in the indictment is duplicitous;

2. The evidence is insufficient to indicate a commission of any crime, or that the defendant committed the crime as charged;

3. Venue was improperly laid in that the evidence indicated the act of selling the calves in question took place in Nebraska, outside the confines of this judicial district;

4. The government failed to prove beyond a reasonable doubt that the defendant committed each separate act of the separate crimes charged in the indictment;

5. The indictment and the separate counts thereof do not state facts sufficient to constitute offenses against the United States; and

6. That the court is without jurisdiction.

The defendant urges several additional grounds in support of his alternative mo-

tion for a new trial, which can be condensed as follows:

1. The court erred in instructing the jury by refusing to give certain requested instructions, and in granting certain instructions requested by the government;

2. The government improperly sought to impeach its own witness; and

3. The jury was not instructed regarding, and made no finding of value of the calves in Counts I and II of the indictment.

The defendant alleges that charging in one count purloining, knowingly converting to one's own use, and selling without authority government property, constitutes duplicity in violation of Rule 8(a) F.R.Crim.P., 18 U.S.C. The defendant contends "purloining", "converting", and "without authority, selling", constitute three separate offenses requiring separate proof, which duplicitous pleading prejudices him in his defense.

The government contends that each count charges the defendant with a single continuous offense; i. e., wrongfully depriving the government of its property, and that "purloining", "converting", and "without authority, selling", are but methods of committing the offense charged.

The defendant was indicted under 18 U.S.C. § 641, which provides:

"Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; * * *.

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

A thorough study of the cases cited by the parties and cases discovered through our own research, fails to reveal precedent squarely in point with the instant issue of duplicity. We must, therefore, reason from analogy, keeping in mind legislative intent in adopting the particular wording of 18 U.S.C. § 641.

In Morissette v. United States, 342 U. S. 246, 72 S.Ct. 240, 251, 96 L.Ed. 288, the Supreme Court was primarily concerned with the issue of "criminal intent". However, considerable insight into the legislative history of 18 U.S.C. § 641 was brought to light in the decision. The Court said, in reference to Sec. 641, "We find no other purpose * * * than to collect from scattered sources crimes so kindred as to belong in one category". The Court said further:

"It is not surprising if there is considerable overlapping in the embezzlement, stealing, purloining and knowing conversion grouped in this statute. What has concerned codifiers of the larceny-type offense is that gaps or crevices have separated particular crimes of this general class and guilty men have escaped through the breaches. The books contain a surfeit of cases drawing fine distinctions between slightly different circumstances under which one may obtain wrongful advantages from another's property. The codifiers wanted to reach all such circumstances."

The defendant contends that Morissette supports his position. He argues that the language quoted above describes four separate and distinct crimes, and that a joinder of two or more of these crimes in one count is duplicitous. We do not agree with this reasoning. In Morissette, the Court was not concerned with "duplicity", and as a mere historical note it stated that purloining, stealing, and conversion, were larceny-type offenses representing "cir-

cumstances under which one may obtain wrongful advantages from another's property". To this we would add unauthorized selling as constituting yet another such "circumstance". We agree with the government that the above named circumstances, individually or in combination, are mere methods of committing *one offense;* i. e., wrongfully depriving the government of its property, such offense being in violation of 18 U. S.C. § 641.

Rule 14, F.R.Crim.P., provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses * * * in an indictment or information * * *, the court may order an election or separate trials of counts, * * * or provide whatever other relief justice requires."

Duplicity is the improper joinder in one count of an indictment or information of two or more offenses. United States v. Lennon, 2 Cir., 1957, 246 F.2d 24; 11 Cyc.Fed.Proc. Sec. 42.108, p. 47.

■■ In general it is true that if considered severally, purloining, converting, and unauthorized selling could each constitute a separate offense requiring separate proof. However, under Sec. 641 each becomes a mere method or means of committing the offense of depriving the government of its property. It is well settled that a count in an indictment does not become duplicitous when it charges several related acts, all or any one of which constitute a single offense, even though the acts may in themselves under different circumstances constitute separate, distinct offenses. United States v. Lennon, supra; United States v. Crummer, 10 Cir., 1945, 151 F.2d 958; Empire Oil and Gas Corp. v. United States, 9 Cir., 1943, 136 F.2d 868; United States v. MacAlpine, 7 Cir., 1942, 129 F.2d 737; United States v. Greater Kansas City Retail Coal Merchants' Ass'n, D.C.W.D.Mo.1949, 85 F.Supp. 503; see also, 11 Cyc.Fed.Proc. Sec. 42.109, p. 418. It is also well settled that if within a statute several distinct methods of com-

mitting a single offense are specified in the disjunctive, it is not duplicitous to combine in one count of an indictment two or more methods in the conjunctive. Colony, Inc. v. Commissioner of Internal Revenue, 6 Cir., 1957, 244 F.2d 75; Smith v. United States, 5 Cir., 1956, 234 F.2d 385; United States v. Lee Foo Young, D.C.E.D.N.Y.1942, 46 F.Supp. 147. To plead several methods in the disjunctive has in fact been held error. Heflin v. United States, 5 Cir., 1955, 223 F.2d 371; Price v. United States, 5 Cir., 1945, 150 F.2d 283. Courts quite generally agree that where several methods are charged conjunctively only one method need be proved to find a defendant guilty of the offense. Troutman v. United States, 10 Cir., 1938, 100 F.2d 628. (Case cites additional authority.)

■ In addition to Morissette, the defendant cites two cases which would seem to lend support to his contention. Both cases can, however, be distinguished from the case at bar. Thomas v. United States, 9 Cir., 1957, 249 F.2d 429, 430, involved a violation of 18 U.S.C. § 641. The defendant was charged with separate counts of theft, sale, and concealment of government property. He was convicted by a jury on all counts. Defendant subsequently moved to correct the sentence on the ground that theft of government property and sale of government property are one and the same crime. The Circuit Court of Appeals ruled, "They are not". This would seem to conflict with our ruling on this issue; however, the court continued:

"The difficulty with appellant's position is that he assumes the lead stolen by him on twelve separate occasions and sold by him on twelve separate different occasions * * * is in reality but twelve transactions, involving but twelve amounts of lead. This is not so, from the record before us. Appellant is not so charged. The thefts of which appellant was convicted occurred on twelve separate dates between December 1, 1953, and November 1, 1954. The sales of which he was

convicted were on certain dates between December 9, 1953, to November 1, 1954 * * *. *That each sale did not constitute exactly what was last previously stolen is established beyond doubt * * *.* Thus there were properly charged against appellant twenty-five different acts, each prohibited by 18 U.S.C. § 641, and for each of which appellant was convicted." (Emphasis added.)

The court in Thomas placed great emphasis on the chronology of the acts in question, and seemed to rule against the defendant because he was unable to prove that each sale constituted exactly what was previously stolen. In the instant case, however, the government established beyond doubt that each sale *did* "constitute exactly what was last previously stolen * * *", and that the theft, conversion, and sale were each acts in one connected transaction which deprived the government of specific property. Under Sec. 641, to convict a defendant on separate counts of theft, conversion, and sale of government property, when each was but a method or device in a continuous transaction which resulted in depriving the government of but one parcel of property, would, we think, constitute double jeopardy.

McDonough v. United States, 8 Cir., 1957, 248 F.2d 725, 728, also involved a violation of 18 U.S.C. § 641. There, the defendant was indicted on one count of stealing government property and one count of feloniously concealing government property. The relevant issue in McDonough was whether Sec. 641 defined one offense, including both theft and receiving and concealing stolen government property, or two separate offenses, namely, (1) theft, and (2) receiving and concealing. Sec. 641 consists of four paragraphs. Paragraph one (supra) enumerates the several larceny-type methods of depriving the government of property. Paragraph two concerns receiving and concealing *goods already stolen.* (Only paragraph one is in issue in the instant case.) The court in McDonough interpreted paragraph one and

paragraph two as defining two separate offenses, by ruling:

"This statute, then, defines two separate and distinct offenses, namely, the stealing of a thing of value of the United States and retaining the same with intent to convert it to one's own use or gain, knowing it to have been stolen."

The court also gave some support to the government's contention in the case now before us by saying:

· "Congress has provided * * * as follows:

" 'Whoever embezzles, steals, purloins * * * any * * * thing of value of the United States, or any department or agency thereof * * *' is guilty of *an* offense and subject to the punishment provided by law." (Emphasis added.)

Thus, the court (1) expressly interpreted paragraph one as describing one offense, and (2) strengthened this ruling by denominating several of the larceny-type methods in paragraph one as a *single offense.*

The government cites, among others, two strong cases in support of its contention. While not predicated on a violation of 18 U.S.C. § 641, these cases aptly illustrate the validity of joining in one count of an indictment several acts, or methods of committing a *single* statutory offense.

In Gray v. United States, 8 Cir., 1949, 174 F.2d 919, 921, the defendant was convicted on two counts of violating the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 352. The defendant contended that each count was *duplicitous.* The statute provided:

" * * * Misbranded drugs and devices. A drug or device shall be deemed to be misbranded

"(a) If its labeling is false or misleading in any particular. * * *

"(e) If it is a drug and is not designated solely by a name recognized in an official compendium un-

less its label bears (1) the common or usual name of the drug * * *

"(f) Unless its label bears (1) adequate directions for use."

Each count of the indictment charged (1) that the label contained a misleading formula; (2) that accompanying the shipment was a letter telling the consignee that the drug was "splendid for almost any infection, abrasion or ulcer"; (3) that the drug was not designated by a name recognized in an official compendium, to-wit, pumice; (4) that the labeling failed to bear adequate directions for use. The court answered the defendant's contention by ruling that "the several acts and omissions charged against appellant to be specifications of the ways in which that offense was committed by him".

In Rowan v. United States, 5 Cir., 1922, 281 F. 137, 139, the defendant was charged under and in the language of Comp.Stat. Sec. 10367 with assaulting several mailmen, putting them in danger of great bodily injury, intent to rob, robbery, and wounding two of the mailmen. The court denied a motion to dismiss on the ground of duplicity by saying:

"One count may charge the doing of a thing denounced by the statute in each of the prohibited modes. A count in an indictment is not double, because it charges several related acts, all of which enter into and constitute a single offense, though such acts may in themselves constitute distinct offenses."

■ We disagree with the defendant's claim that the indictment and the evidence were insufficient to charge and show the commission of a crime, and that the government failed to prove the commission of the crime beyond a reasonable doubt. From the evidence presented, we are satisfied that the jury arrived at a proper verdict.

■ Contrary to defendant's argument, we believe that this court has jurisdiction of the case and that venue in the District of South Dakota was properly laid. The theft of the calves in question occurred on the Pine Ridge Indian Reservation located within the District of South Dakota. The sales were made in a sales ring located in Rushville, Nebraska, beyond the confines of this District. That the offense was begun in this District is not open to question. 18 U.S.C. § 3237 provides:

"Offenses begun in one district and completed in another. Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

■ The defendant also assigns as error the court's refusal to grant certain instructions, and the granting of certain other instructions. However, nowhere in the defendant's motions are the alleged erroneous instructions identified. Consequently, the court has searched the record to find the instructions to which the defendant excepted. In no instance did the defendant take exception to the refusal of the court to grant any of his requested instructions. By this failure, the defendant cannot now assign such refusal as error. Rule 30, F.R.Crim.P.

■ The record indicates the defendant objected to the granting of the following instruction as taking the element of intent, as a question of fact, away from the jury:

"One of the essential elements of the offenses charged in the indictment in this case is intent, and it is necessary that the Government prove that the defendant did the acts charged with a wrongful intent or bad motive before you may find him guilty.

"In determining this question you are instructed that a person is presumed to intend to do all that which he intentionally and willfully does in fact do, and must also be pre-

sumed to intend all the natural, probable and usual consequences of his acts. The intent with which an act is done is often more clearly and conclusively shown by the act itself than by any words or explanation of the actor. Your practical experience and daily observation of the acts and intents of people will naturally aid you in determining this question of intent."

However, the validity of this instruction has been echoed again and again since early times. In the case of United States v. Allis, C.C.E.D.Kan.1893, 73 F. 165, 171, the court said:

"The law presumes that a man intends the legitimate consequences of his acts * * *. The intent with which an act is done is often more clearly and conclusively shown by the act itself than by any words or explanations of the actor."

Again, in Gates v. United States, 10 Cir., 1941, 122 F.2d 571, 575, the court said:

"The intent with which an act is done is often more clearly and conclusively shown by the act itself than by any words or explanations of the actor."

The court in Blumenthal v. United States, 9 Cir., 1946, 158 F.2d 883, 891, said:

" * * * a person is presumed to intend to do all that which he voluntarily and wilfully does in fact do, and must also be presumed to intend all the natural, probable and usual consequences of all his acts."

The defendant assigns as further error that the court allowed the government to impeach its own witness by inquiring about his previous conviction of a misdemeanor. As to this charge, we find (1) the witness was hostile to the government, and was subsequently called by the defendant as a character witness; (2) the attempted impeachment took place on cross examination after the witness had been called by the defendant; (3) the court sustained the defendant's objection to the disputed question, and promptly admonished the jury to disregard it. There is some question as to whether the court was correct in sustaining the defendant's objection in this matter. If it was in fact error for the government to seek to impeach the witness in question, the court's ruling on the defendant's objection and admonition of the jury cured such error. If the government's impeaching question was valid, then by sustaining the defendant's objection the court possibly committed error. However, this error would not accrue to the benefit of defendant.

As a final assignment of error, the defendant charges the jury made no finding of value of the calves alleged to have been stolen in Counts I and II of the indictment. We remind counsel that at the time of his oral argument upon the instant motions that he announced his abandonment of this assignment of error.

For the above reasons, the defendant's motion for judgment notwithstanding the verdict or for a new trial and motion in arrest of judgment will be, and the same are, hereby denied.

Counsel for the government will prepare and submit a formal order denying both of said motions.