**UNITED STATES of America**

v.

**Paul M. HUGHES, impleaded with Louis P. Brady, et al., Defendants.**

United States District Court
S. D. New York.

June 21, 1961.

Adhered to on Reargument
July 14, 1961.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, for U. S., Peter H. Morrison, Asst. U. S. Atty., New York City, of counsel.

Edward S. Friedland, New York City, for defendant Louis P. Brady.

DIMOCK, District Judge.

These are motions by defendant Louis P. Brady for dismissal of the indictment, for discovery and inspection pursuant to Rule 16, F.R.Crim.P., and for a bill of particulars.

The indictment contains thirty-two counts and names twelve individual defendants and one corporate defendant. Counts 1–18 charge that, in the offer and sale of securities by the use of the mails, (a) defendants employed a scheme to defraud, (b) obtained money by means of untrue statements and (c) engaged in transactions which operated as a fraud in violation of section 17(a) of the Securities Act of 1933, 48 Stat. 84, as amended 68 Stat. 686, 15 U.S.C. § 77q(a). Counts 17–24 charge the use of the mails to sell unregistered securities in violation of section 77e(a) (1) of title 15 U.S.Code. Counts 25–31 charge the mailing of unregistered securities for the purpose of sale and for delivery after sale, in violation of section 77e(a) (2) of title 15 U.S. Code. Finally, count 32 charges a conspiracy to violate the provisions of law cited in the substantive counts as well as the Mail Fraud Statute, 62 Stat. 763, as amended by 63 Stat. 94, 18 U.S.C. § 1341. All the alleged offenses stemmed from transactions in the securities of Western

Financial Corporation, the name of which was successively changed to Diversified Financial Corporation of America and Consolidated American Industries, Inc.

I shall first consider the motion to dismiss and the grounds urged in its support.

(1) Defendant Brady contends that counts 1–18, each of which charges (a) a scheme to defraud, (b) the obtaining of money by means of untrue statements of material facts and omissions to state material facts necessary to render the statements made not misleading, and (c) the engaging in transactions, practices and a course of business which operated and would operate as a fraud and deceit upon purchasers, do not state an offense against him because they lack any showing of his participation in the alleged offenses. I hold that the indictment on its face does allege offenses by Brady in counts 1–18. Paragraph 3 of each of those counts enumerates untrue statements of material facts allegedly made by "the defendants", while paragraph 4 of those counts specifies omissions by "the defendants" to state material facts necessary in order to render the statements made, in the light of the circumstances under which they were made, not misleading. Finally, each of counts 1 through 18 specifies mailings knowingly caused by Brady and other named defendants in furtherance of the alleged violations.

(2) Defendant contends that counts 1 to 18 inclusive all charge one and the same offense. Each alleges that all defendants caused to be carried through the mails on a certain date certain matter enclosed in an envelope bearing a certain address. They differ only in that each alleges a different mailing.

The statute in section 17(a) makes it unlawful "*in* the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, * * * *to employ* any device * * * *"* or "*to obtain* money * * * *"* or "*to engage* in any transaction * * * *"* (emphasis supplied).

Under the Mail Fraud Statute, 62 Stat. 763 as amended by 63 Stat. 94, 18 U.S.C. § 1341, each of the eighteen mailings would have constituted a separate crime. Badders v. United States, 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706; Mitchell v. United States, 10 Cir., 142 F. 2d 480, certiorari denied 323 U.S. 747, 65 S.Ct. 49, 89 L.Ed. 598.

That statute, which is quoted in the margin,[1] proceeds upon a theory opposite to that of section 17(a) of the Securities Act in that it is the fraud which gives color to the offense but it is the act of mailing that is made punishable. It reads, "Whoever, having devised or intending to devise any scheme or artifice to defraud * * * for the purpose of executing such scheme or artifice or attempting so to do, places in any post office * * * any matter or thing * * shall be fined * * *."

The mail fraud statute was carefully distinguished from section 17(a) of the Securities Act in United States v. Cashin, 2 Cir., 281 F.2d 669. There the court held that venue of a case brought under section 17(a) in Alabama was proper al-

1. "§ *1341. Frauds and swindles*
"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1.000 or imprisoned not more than five years, or both."

though the mailings took place in New York. Chief Judge Lumbard said at page 673:

"The gist of the crimes charged in the indictment, as in most Securities Act cases, is the fraudulent scheme employed in the sale of securities. See United States v. Robertson, D.C.S.D.N.Y.1959, 181 F.Supp. 158; United States v. Monjar, supra [D.C. 47 F.Supp. 421]. The purpose of the requirement that there be a use of the mails or other facilities of commerce is solely to create a basis for federal jurisdiction, Creswell-Keith, Inc. v. Willingham, 8 Cir., 1959, 264 F.2d 76; Schillner v. H. Vaughan Clarke & Co., 2 Cir., 1943, 134 F.2d 875; United States v. Robertson, supra."

Since the gist of the crime is the fraudulent scheme and the purpose of the requirement that there be a use of the mails or other facilities of commerce is solely to create a basis for federal jurisdiction, the multiple mailings in carrying out the scheme do not constitute separate crimes.[2] Each device to defraud or each obtaining money by false statements or each transaction which operates as a fraud may be a separate crime but not each use of the mails or interstate commerce.

Each count here alleges a device to defraud and the obtaining of money by false statements and the engaging in transactions which operated as a fraud but there is nothing to show that the crime charged in any one of them differs from that charged in the others. The allegation in each that in the course of the commission of the crime matter was sent by mail to a named person who in most cases differs from the other addressees does not constitute an allegation that there was a different device, obtaining of money or engaging in a transaction with respect to each named person. It is true that sixteen of the first eighteen counts allege that the addressee was sent a confirmation of purchase and one of the others alleges that the addressee was sent a stock certificate but these allegations do not amount to statements of seventeen instances of obtaining money or property. The allegation that the addressee paid for the stock is conspicuously absent in each case. For all that appears, all eighteen mailings were in a single fraudulent course of conduct alleged and realleged eighteen times in the indictment.

■ Where a multiplicity of counts charges the same crime it is proper to consolidate them and dismiss all but the first as separate counts.[3] United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 220–221, 73 S.Ct. 227, 97 L.Ed. 260. I direct, therefore, that counts 2 to 18 inclusive, be consolidated with count 1 and be dismissed as separate counts. It is true that the Universal Corporation case involved an information rather than an indictment but the course that I have directed with respect to the indictment does not do violence to the act of the grand jury. The net effect is that their true bill stands but the court has ruled that there can be conviction of but one crime in place of eighteen.

■ (3) Defendant challenges counts 19–24 of the indictment, each of which charges that a confirmation of purchase

2. See contra Palmer v. United States, 10 Cir., 229 F.2d 861, 867, certiorari denied 350 U.S. 996, 76 S.Ct. 546, 100 L. Ed. 861.

3. See Note 2 of the Advisory Committee on Rules to Rule 7(c) F.R.Crim.P. which reads "The provision contained in the fifth sentence that it may be alleged in a single count that the means by which the defendant committed the offense are unknown, or that he committed it by one or more specified means, is intended to eliminate the use of multiple counts for the purpose of alleging the commission of the offense by different means or in different ways. Cf. Federal Rules of Civil Procedure, rule 8(e) (2), 28 U.S.C."

A remedy other than consolidation and partial dismissal when a single offense is charged in different counts is to compel the Government to elect the one of the counts which will remain. Wetzel v. United States, 9 Cir., 233 F. 984, certiorari denied 242 U.S. 648, 37 S.Ct. 242, 61 L.Ed. 544.

of unregistered securities was mailed by defendants to a named person. Defendant's position is that section 5(a) (1) of the Securities Act of 1933, 15 U.S.C. § 77e(a) (1), interdicts the use of the mails to sell securities only when the use is through the medium of a prospectus. Section 5(a) (1), as amended August 10, 1954, 68 Stat. 684, provides:

"5(a) (1) *Prohibitions relating to interstate commerce and the mails*

"(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

"(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;"

I hold that the term "otherwise" adds to the prospectus class a class that includes confirmations of purchases.

██ Quite understandably no point is raised that counts 19 to 24 and 25 to 31 are repetitious. The statutes on which they are based, sections 77e(a) (1) and 77e(a) (2) of title 15 U.S.Code, unlike section 77q(a) on which counts 1 to 18 are based, clearly make each mailing the gist of the crime.

██ (4) Defendant claims that the indictment is deficient because it fails to allege necessary facts to properly vest venue in the Southern District of New York. There are sufficient allegations to vest venue in this District. The introduction to the indictment places the situs of the violations of counts 1–18 "in the Southern District of New York and elsewhere". All of the substantive counts allege that defendants in this District caused to be carried through the mails specified matter. The indictment on its face cannot therefore be effectively attacked on the basis of improper venue.

██ (5) Defendant contends that the indictment is barred by the five year statute of limitations, 18 U.S.C. § 3282.

The indictment was filed on November 18, 1960. Clearly, count 32, which alleges a continuing conspiracy, is not time-barred. See United States v. Grunewald, 353 U.S. 391, 396–397, 77 S.Ct. 963, 1 L.Ed.2d 931. Counts 1 to 18 (now consolidated) allege a course of conduct made unlawful by the statute and extending from January 1955 up to and including the date of the filing of the indictment which was November 18, 1960. The other counts all allege specific violations of sections of the Securities Act which make mailing a crime and all of the mailings are alleged to have been accomplished on dates within the permissible period. The challenge to the indictment on the ground that it is, on its face barred by the statute of limitations is therefore rejected.

(6) Defendant urges three other grounds for dismissal (paragraphs 5, 6 and 7 of his motion) which are so devoid of merit that they do not warrant discussion.

The motion to dismiss the indictment is denied.

██ The next item for consideration is defendant's motion for discovery and inspection pursuant to Rule 16, F.R. Crim.P. The Government will not be required to permit inspection and copying of any books, papers or documents which it obtained voluntarily or by solicitation from persons other than defendant Brady. United States v. Cohen, D.C.S.D.N.Y., 15 F.R.D. 269, 271; United States v. Greater Blouse, etc., Contractors' Ass'n, D.C.S.D.N.Y., 177 F. Supp. 213, 224–225. Where the Government has in its possession only copies of documents such copies need not be discovered unless the copies themselves as distinguished from the originals were obtained from third parties other than voluntarily or by solicitation or were obtained from or belong to defendant Brady. Defendant's requests for copies are deemed to include the originals. With these provisos in mind, the Government will permit defendant to inspect any books, papers or documents which

fall within the following paragraphs of defendant's motion:

Paragraph 1.

Paragraph 2. With the understanding that the request to copy "all material mailed together with envelopes in which such material was enclosed as alleged in Counts One through Eighteen of the indictment", is properly construed to refer to the material allegedly mailed to the named persons at designated addresses as alleged in counts 1–18.

Paragraph 3.

Paragraph 4.

Paragraph 5.

Paragraph 6, as amended by the addition of "subscribed by any of the defendants" after the phrase "documents and papers."

Paragraph 7.

Paragraph 9, as amended by substituting the word "and" for the word "or" appearing after the word "indictment".

Paragraph 10.

 The request contained in paragraph 8 is denied. Statements obtained from defendant Brady are not within the scope of Rule 16, F.R.Crim.P. United States v. Cohen, D.C.S.D.N.Y., 15 F.R.D. 269, 272. Nor are statements obtained from other defendants or from prospective witnesses within the scope of Rule 16, F.R.Crim.P. 18 U.S.C. § 3500; United States v. Woodner, D.C.S.D.N.Y., 24 F. R.D. 33, 35.

 The last item for consideration is a motion for a bill of particulars. The specification of particulars requested is a shot gun performance and, in several instances, unintelligible, so that it comes close to warranting complete denial without examination. Nevertheless, I have culled out of the welter the following particulars which seem to be desired and to which defendant Brady is entitled. The particulars which I enumerate and only those particulars need be furnished.

1. The facts which were omitted from the printed matter set forth in paragraph 2(n) of that part of the indictment label-

ed "Introduction" and which were necessary to be stated in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

2. Any untrue statements of material facts alleged in paragraph 3 of that part of the indictment labeled "Introduction" to have been made by defendants in the offer and sale of stock of which the Government will offer evidence and which are not already set forth in said paragraph.

3. The actual facts as opposed to the false statements alleged in paragraphs 3(a) through 3(v) of that part of the indictment labeled "Introduction".

4. (a) Insofar as not stated in the indictment, the material facts, omissions to state which were the means of obtaining money and property as alleged in paragraph 4 of that part of the indictment labeled "Introduction" and the statement of which was necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (b) the misleading statements.

5. The date of each purchase, and, where no purchase was made, the date of the offer to sell and the solicitation to purchase, where the transaction involved a purchaser or prospective purchaser named in counts 1 through 18 (now consolidated) and by whom on behalf of defendants each purchase was induced.

Settle order on notice.

On Motion for Reargument

The Government moves for reargument of the motion of defendant Louis P. Brady which resulted in my decision that the first 18 counts of the indictment charged the same crime and that therefore counts 2 through 18 should be consolidated with count 1 and dismissed as separate counts.

The Government argues that I overlooked the fact that each of the persons respectively named as being concerned in the mailings separately alleged in the 18 counts is also named in a list of persons

alleged in the Introduction to have suffered from the listed triad of frauds: to have been victims of a scheme to defraud, to have had money obtained from them by means of untrue statements and to have been victims of transactions which operated as a fraud.

 If the indictment is to be so construed, the result will be that the 18 counts still more clearly allege the same crime, to wit, the defrauding of all of the persons named or described in the Introduction. That crime has been completely alleged before we come to the allegations of particular mailings. Nothing is added by repeating the count eighteen times and saying in each repetition that there was a certain mailing involving a named victim.

In formulating my original opinion I had not construed the Introduction to the indictment as listing the victims of anything except the third of the triad of frauds: transactions which operated as a fraud. If there was thus no allegation that all the persons named as concerned in mailings had, for instance, had money obtained from them by means of untrue statements, the allegations as to mailing might set forth an otherwise unalleged instance of obtaining money from each by means of false statements. I found, however, that the separate allegations as to mailings did not state that the persons respectively named therein had made payments and had thus had money obtained from them.

The Government also argues that the 18 counts should be permitted to stand under the old rule which permitted the use of multiple counts for the purpose of alleging the commission of the same offense in different ways. As indicated in footnote 3 of my original opinion, there is no longer any reason for such repetition of counts.

The motion for reargument is granted and on reargument the original decision is adhered to.