**UNITED STATES of America**

v.

**Jacob H. GREENBERG and Morris Mac Schwebel, Defendants.**

United States District Court
S. D. New York.
April 30, 1962.

See also 204 F.Supp. 400.

Robert M. Morgenthau, U. S. Atty. for
Southern Dist. of New York, for the

United States. Stephen E. Kaufman, Peter H. Morrison, Asst. U. S. Attys., of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Morris Mac Schwebel. Simon H. Rifkind, Martin Kleinbard, Arthur B. Frommer, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Indictment 61 Cr. 133, returned by the Grand Jury on February 6, 1961, was originally in 62 counts, charging defendant Schwebel and Greenberg in one count with participation in a conspiracy to violate the Securities Act of 1933, and the mail and wire fraud statutes (18 U.S.C. §§ 1341, 1343), and in the remaining counts with specific violations of various sections of the Securities Act. A motion by Schwebel to dismiss Counts 2, 3, 44 and 45 as time barred was granted on consent of the Government.

Counts 4 through 22 charge defendants with use of the mails in the sale of unregistered common stock of Soil Builders International Corporation in violation of 15 U.S.C.A. § 77e(a) (1), and 18 U.S.C. § 2.

Counts 23 through 43 charge defendants with transportation through the mails of unregistered common stock of this company for the purpose of sale and delivery after sale in violation of 15 U.S.C.A. § 77e(a) (2) and 18 U.S.C. § 2.

Counts 46 through 62 charge defendants, and 27 co-schemers not named as defendants, with fraud in the offer and sale by the use of the mails of common stock of this company in violation of 15 U.S.C.A. § 77q(a) and 18 U.S.C. § 2.

Defendant Schwebel has moved (A) to dismiss Counts 4 through 22 on the ground that they fail to charge an offense under 15 U.S.C.A. § 77e(a) (1); (B) to dismiss Counts 4 through 43 on the ground that these counts are duplicitous; and (C) to dismiss Counts 46 through 62 on the grounds that these counts are duplicitous, and also are indefinite, uncertain and obscure.

(A). *Motion to dismiss Counts 4 through 22 for failure to charge an offense.*

Counts 4 through 22 charge defendants with having used, or caused to be used, the mails to sell unregistered securities of Soil Builders in violation of 15 U.S.C.A. § 77e(a) (1). They allege mailings on various specific dates of confirmations covering sales of blocks of shares to individual purchasers.

Defendant Schwebel challenges these counts on the ground that the mailing of a confirmation to cover sales of unregistered securities does not violate § 77e(a) (1) and, therefore, these counts do not charge a crime.

Section 77e(a) (1) provides:

" § 77e. Prohibitions relating to interstate commerce and the mails

" (a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

"(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell or offer to buy such security through the use or medium of any prospectus or otherwise * * *."

Schwebel contends that the term "to sell" as used in this section must be narrowly construed so as to exclude mailings of any material which is not an integral part of the offer and acceptance of the contract of purchase and sale of the unregistered securities. He urges that the sending of a confirmation must necessarily occur after the sale has been completed and therefore does not come within the ambit of § 77e(a) (1).

Defendant concedes that he is unable to cite any specific authority for this theory. However, he relies upon Schillner v. H. Vaughan Clarke & Co., 134 F.2d 875 (2 Cir. 1943) and United States

v. Robertson, 181 F.Supp. 158 (S.D.N.Y.1959), for the proposition that the term "to sell" as used in § 77e(a) (1) has a narrower meaning than the term "sells" as used in § 77l or the term "sale" as used in § 77q(a). From this he argues that the term "to sell" in § 77e(a) (1) should be very narrowly construed so as to exclude from its prohibition all mailings of confirmations since these can only occur after the sale has been completed. Though these cases indicate that the term "to sell" in § 77e(a) (1) must be given a narrower construction than in some other sections of the act, it by no means follows that they support the conclusion which defendant urges on the court.

The term "confirmation" is not a word of art. It has no fixed legal meaning nor does it give rise to fixed legal consequences. It may serve a variety of purposes. Merely because the mailings enumerated in these counts are designated as "confirmations" does not indicate what function they served in the alleged transactions or at what stage in the transactions they were placed in the mails. Even under defendant's narrow definition of the term "to sell", it is apparent that a document described as a confirmation could be an integral step in the making of the contract of sale.[1] It could well constitute acceptance by the seller of an offer to buy. If the proof shows that this is so these counts would charge a crime even under defendant's construction of § 77e(a) (1).

There is neither authority in the cases nor language in the statute which supports the view that confirmations per se

are not within the ambit of § 77e(a) (1). Indeed, in United States v. Hughes, 195 F.Supp. 795, 799 (S.D.N.Y.1961), Judge Dimock recently held that confirmations of purchases are included within the proscription of that section.

There are insufficient facts at this stage of the case from which to determine whether or not the mailings of these "confirmations" as alleged in Counts 4 through 22 are excluded from the prohibition of § 77e(a) (1). The indictment is valid on its face. Defendant's motion to dismiss must be denied without prejudice to a renewal at the trial in the light of the facts as they may be developed.

(B). *Motion to dismiss Counts 4 through 43 as duplicitous.*

As noted earlier, Counts 4 through 22 charge specific mailings of various confirmations relating to sales of Soil Builders stock in violation of 15 U.S.C. § 77e(a) (1).

Counts 23 through 43 charge specific mailings of Soil Builders stock certificates to purchasers "for the purpose of sale or for delivery after sale" in violation of 15 U.S.C.A. § 77e(a) (2).[2]

Schwebel contends that all of these counts make multiple offenses out of a single alleged offense and are therefore duplicitous. He urges that United States v. Cashin, 281 F.2d 669 (2 Cir. 1960) holds that the gist of the crime under the Securities Act of 1933 is a fraudulent scheme rather than specific use of the mails in pursuance thereof, and that to charge each use of the mails as a separate offense is contrary to "the

1. For example, "Confirmation" is defined in Black's Law Dictionary (4 ed. 1951) as follows: "A contract or written memorandum thereof, by which that which was infirm, difficult of proof, void, imperfect, or subject to be avoided is ratified, rendered valid and binding, made firm and unavoidable." (p. 371)

2. § 77e
 "(a) Unless a registration statement is in effect as to a security, it shall be

unlawful for any person, directly or indirectly—

\* \* \* \* \*

"(a) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale."

policy of lenity" laid down in United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952).

United States v. Cashin, supra, does not support defendant's position. There the court was dealing solely with 15 U.S.C.A. § 77q in holding that the prohibited act under *that* section was the fraudulent scheme rather than specific use of the mails. It did not consider the quite different provisions of §§ 77e(a)(1) and (2) which specifically and unambiguously prohibit the use of the mails to sell or to transport a security which has not been registered with the Securities and Exchange Commission. See United States v. Hughes, supra, 195 F. Supp. p. 799; United States v. Van Allen, 28 F.R.D. 329, 344 (S.D.N.Y.1961).

There is no ambiguity in the language of this section, nor is there any indication that Congress intended the language to have any other than its plain meaning. There is no room here for application of the policy of lenity applied in United States v. Universal C.I.T. Credit Corp., supra; Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); and Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958).

Defendant's motion to dismiss Counts 4–43 as duplicitous is in all respects denied.

(C). *Motion to dismiss Counts 46 through 62 as (1) duplicitous, and (2) indefinite, uncertain and obscure.*

Counts 46 through 62 charge defendants Greenberg and Schwebel and 27 co-schemers with fraud in the offer and sale of common stock of Soil Builders by the use of the mails in violation of 15 U.S.C.A. § 77q(a) [3] and 18 U.S.C. § 2. They allege mailings on specific dates of 17 of the 19 confirmations referred to in Counts 4 through 22, which have been previously discussed. Five paragraphs alleging the manner in which the fraud was perpetrated precede the counts and are incorporated in each of them.

The first of these paragraphs is drawn in the language of § 77q(a) alleging that in the sale of these securities the defendants and 27 co-schemers employed devices, schemes and artifices to defraud; obtained money by means of untrue statements and omissions of material facts; and engaged in practices which operated as a fraud and deceit upon the persons who were induced to buy the stock. Paragraphs two through four specifically allege the manner in which the fraud was designed to operate. Finally, paragraph five alleges seventeen specific transmissions through the mails or instruments of transportation in interstate commerce of confirmations covering sales of these securities to the individual purchasers. Each of these transmissions is designated separately as Counts 46 through 62.

Schwebel attacks these counts on two distinct theories. Initially he argues that under United States v. Cashin, supra, the activity prohibited by § 77q(a) is the fraudulent scheme rather than the specific use of the mails in furtherance of such a scheme. Therefore, he argues that the counts are duplicitous because they fragment a single alleged

---

3. "§ 77q. Fraudulent interstate transactions.
 "(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—
 "(1) to employ any device, scheme, or artifice to defraud, or

"(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
 "(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

crime into a series of crimes. Schwebel further contends that each is duplicitous because each alleges more than one crime. He also argues that these counts are so indefinite, obscure and uncertain as to prejudice his defense and should be dismissed for that reason.

### (1)

■ Any doubts which may have existed concerning the essence of an offense under § 77q(a) were thoroughly dispelled by United States v. Cashin, supra. There the court explicitly held that the gist of the crime under this section "is the fraudulent scheme employed in the sale of securities" and not the use of the mails which is "solely to create a basis for federal jurisdiction." (281 F. 2d p. 673). In this indictment, as in the one before the court in the Cashin case, "the only alleged use of the mails was to confirm purchases already induced by the defendants' deceit." (281 F.2d p. 674). Where the essence of the crime is the scheme to defraud and the use of the mails or other means of interstate commerce are incidental and merely for the purpose of providing federal jurisdiction, the individual transmissions do not constitute separate crimes. United States v. Hughes, supra, 195 F. Supp. pp. 797–798. See, also, United States v. Universal C.I.T. Credit Corp., supra.

■ There are no allegations in this indictment of more than a single scheme to defraud. The use of the mails as alleged in Counts 46 through 62 are merely steps in the operation of the overall fraudulent scheme described in the four paragraphs preceding the allegations of separate mailings to the victims. Counts 46 through 62, are defective because they fragment a single prohibited course of conduct into a series of separate crimes.

However, defendant is not entitled to a dismissal of these counts. "Where a multiplicity of counts charges the same crime it is proper to consolidate them and dismiss all but the first as separate counts." United States v. Hughes, supra, 195 F.Supp. p. 798. The Government may then present proof bearing on the fraudulent scheme as it was employed against each of the alleged victims named.

I direct, therefore, that Counts 47 through 62 be consolidated with Count 46 and be dismissed as separate counts.

In the altered posture of the indictment Schwebel's second contention that Counts 46 through 62 are duplicitous because each charges more than one crime must be considered as it applies to the single consolidated Count 46.

At the outset Schwebel contends that each subdivision of § 77q(a) charges a separate and distinct offense which must be charged separately. He therefore argues that Counts 46 through 62 are duplicitous because each charges violation of all three subdivisions. If he is correct in this contention the consolidated count would necessarily be defective for the same reasons. However, this contention cannot be sustained.

■ As noted, § 77q(a) prohibits fraudulent conduct in the offer or sale of securities through the mails or in interstate commerce. Subdivisions 1, 2 and 3 of the section each proscribe different types of fraudulent conduct by which such offer or sale may be made or carried out. The proscribed fraudulent conduct may consist of employing a device, scheme or artifice to defraud (subdivision 1); obtaining money or property by means of untrue statements or omissions to state material facts (subdivision 2); or engaging in a transaction, practice, or course of business which would operate as a fraud or deceit (subdivision 3). Any of these three activities is denounced as a crime under this single statute. The indictment charges that defendant engaged in each of the prohibited activities in the conjunctive.

As stated in Troutman v. United States, 100 F.2d 628, 631 (10 Cir. 1938):

"An indictment charging a statutory offense must follow the statute creating it; but where the statute denounces several acts as a crime, they may be charged * * in a single count if they are connected in the conjunctive. An indictment drawn in that manner is not duplicitous, and it suffices to prove any one or more of the charges."

See, also, United States v. Selage, 175 F.Supp. 439 (D.S.D.1959); Orfield, Joinder in Federal Criminal Procedure, 26 F.R.D. 23, 33 (1961) and cases cited at footnote 40.

The defendant urges that the Troutman case is wrongly decided and that despite Troutman the court should hold the indictment to be duplicitous and therefore defective. I do not agree. The Troutman case seems to me well reasoned and sound and I believe it should be followed. Only one conviction of a violation of § 77q(a) can result here whether all or any of the activities prohibited in its subdivisions are established.

■ Schwebel also contends that the indictment is duplicitous because paragraph 2 preceding Counts 46 through 62 (now consolidated Count 46) incorporates by reference paragraph 8 of the first count which charges conspiracy. Paragraph 8 of Count 1 alleges specific means to be employed to further the conspiracy.

It is urged that the allegations of incorporated paragraph 8 may encompass violations of statutes other than § 77q (a) and also may allege more than a single scheme to defraud. Defendant claims, therefore, that Counts 46 to 62 (the consolidated Count 46) must be viewed as charging more than a single offense and are duplicitous.

There is no merit in this contention. The acts alleged in incorporated paragraph 8 are all alleged to be part and parcel of the prohibited courses of conduct with which defendant is charged in the now consolidated count.

The mere fact that other crimes might be charged on the same allegations has no bearing. If this case be properly tried there can be no danger that defendant will be convicted by a jury of any offenses under this count other than the specific offense which is charged. This is a single offense punishable only once and the count is not duplicitous. See United States v. Patten, 187 F. 664 (C.C.S.D.N.Y.1911), rev'd on other grounds 226 U.S. 525, 33 S.Ct. 141, 57 L.Ed. 333; Rowan v. United States, 281 F. 137 (5 Cir. 1922), cert. den. 260 U.S. 721, 43 S.Ct. 12, 67 L.Ed. 481; United States v. Crummer, 151 F.2d 958 (10 Cir. 1945), cert. den. 327 U.S. 785, 66 S. Ct. 704, 90 L.Ed. 1012; United States v. Selage, supra; United States v. Atlantic Commission Co., 45 F.Supp. 187 (E.D.N.C.1942); Orfield, Joinder in Federal Criminal Procedure, supra, 26 F.R.D. pp. 34–35. See, also, United States v. Hood, 200 F.2d 639 (5 Cir. 1953), cert. den. 343 U.S. 941, 73 S.Ct. 832, 97 L.Ed. 1367.

(2)

■ There remains the contention that Counts 44–62 should be dismissed as vague, indefinite and uncertain. This contention is wholly devoid of merit.

■ It is apparent that the essential elements of the offense are charged with ample clarity and particularization. There is more than sufficient to apprise defendant of the crimes with which he is charged so as to enable him to prepare his defense and to plead the judgment of acquittal or conviction as a plea to subsequent prosecution for the same offense. That is all which is required. See United States v. Crummer, supra; United States v. Pope, 189 F.Supp. 12 (S.D.N.Y.1960) and cases cited at footnote 5.

The defendant's motions are in all respects denied except to the extent that counts 47 through 62 are dismissed as separate counts and consolidated with Count 46 as a single count.

It is so ordered.