**UNITED STATES of America,**

**v.**

**Morton BINSTOCK and others, including Nathan Suess, Defendants.**

United States District Court
S. D. New York.

Feb. 5, 1965.

**14**

Robert M. Morgenthau, U. S. Atty., Thomas J. Cahill, Asst. U. S. Atty., of counsel, for the United States.

Sabbatino & Todarelli, New York City, for defendant Nathan Suess, Thomas J. Todarelli, William H. Frappollo, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendant Suess (1) for an order dismissing the indictment (apparently under Fed.R.Crim.P. 12); or in the alternative (2) for discovery and inspection under Fed.R.Crim. P. 16 and (3) for a bill of particulars under Fed.R.Crim.P. 7(f).

The indictment is drawn in 45 counts and names 18 defendants. The numbering system employed by the draftsman is in some respects confusing. The count first stated is not numbered, this in accord with normal practice and Form 3 in the Appendix of Forms to the Federal Rules of Criminal Procedure. This first stated count would normally be referred to as "count 1" (or the "first count"). In this indictment, however, there is a "count 1" on the first unnumbered page after page 13 and under the mistaken heading "Counts two through twenty-two". In an attempt to eliminate the confusion, the first stated count will be referred to as the "conspiracy count" and the following counts as "first count" or "count 1", etc.

The conspiracy count alleges that movant Suess conspired with the 17 co-defendants (18 U.S.C. § 371) to violate the registration and anti-fraud provisions of the Securities Act of 1933 (15 U.S.C. §§ 77e(a) and 77q(a); the Act is referred to as the "1933 Act") and the mail and wire fraud statutes (18 U.S.C. §§ 1341, 1343). Counts 1–22 charge the use of the mails to sell unregistered securities in violation of 15 U.S.C. § 77e (a). Counts 23–44 charge that in the offer and sale of securities by use of the mails defendants engaged in fraudulent conduct, etc. in violation of the 1933 Act (15 U.S.C. § 77q(a)). All the offenses are alleged to involve the sale of stock of Belmont Oil Corporation ("Belmont").

1. The motion to dismiss

a. Counts 1–22

■ The argument for movant is developed on the theory that counts 1–22 allege but one and the same offense. Each of these counts charges that on a specific date certain of the named defendants to individual purchasers "directly and indirectly carried and caused to be carried through the mails * * * securities * * * no registration as to said securities being in effect with the Securities and Exchange Commission" in violation of 15 U.S.C. § 77e(a). Movant says that the essence of the offense is the failure to register and that the use of the mails is brought in solely to create a predicate for federal jurisdiction. It is admitted with candor that no case has been found which supports the position taken. It is further conceded that under the decided cases the gist of the offense is the use of the mails and that each time the mails are used there is a separate and distinct offense. Nevertheless, movant urges that such an interpretation should be disapproved and that counts 1–22 be dismissed or consolidated into one count for trial.

15 U.S.C. § 77e provides:

"(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

"(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

"(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale."

The statute is plain. No penalty is provided for the failure to file a registration statement. The offense is the use of the mails in the sale of securities; each use is a separate and distinct offense. United States v. Greenberg, 30 F.R.D. 164, 167 (S.D.N.Y.1962); see also United States v. Hughes, 195 F.Supp. 795 (S.D.N.Y.1961); United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y.1961).

The motion as it relates to counts 1–22 must be and is denied.

### b. Counts 23–44

■ Movant similarly asks that counts 23–44 be dismissed or in the alternative consolidated into one count for trial. His contention is again developed on the theory that the indictment charges in these counts but one offense, the crime of fraud in the offer and sale of securities. Movant says that the individual mailings delineated in counts 23–44 are not separate offenses, but simply the act which provides the jurisdictional prerequisite for the operation of the statute. Reliance is placed on United States v. Cashin, 281 F.2d 669 (2d Cir. 1960); United States v. Greenberg, above; United States v. Hughes, above.

15 U.S.C. § 77q(a), the statute under which counts 23–44 are drawn, provides:

"(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

"(1) to employ any device, scheme, or artifice to defraud, or

"(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

The indictment in these counts 23–44 presumably means to charge 22 separate offenses.

The averments in these counts begin by charging that defendants "in the offer and sale of securities" employed schemes to defraud, etc. Then it is averred that defendants used the mails, etc., "in furtherance of *the scheme*" (emphasis supplied) by sending "to the persons hereinafter set forth the matter hereinafter set forth". There follows a 5 column table, the respective columns headed by the words "Count", "Date", "Addressee", "Matter" and "Defendants"; each numbered count provides a specific date on which certificates for shares of Belmont were mailed by certain defendants to named persons.

In a multiple count indictment under 15 U.S.C. § 77q(a)—similar to that at bar—this Court by Judge Dimock has declared in United States v. Hughes, 195 F.Supp. 795, 798 (S.D.N.Y.1961):

"Where a multiplicity of counts charges the same crime it is proper to consolidate them and dismiss all but the first as separate counts. United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 220–221, 73 S.Ct. 227, 97 L.Ed. 260. I direct,

therefore, that counts 2 to 18 inclusive, be consolidated with count 1 and be dismissed as separate counts. It is true that the Universal Corporation case involved an information rather than an indictment but the course that I have directed with respect to the indictment does not do violence to the act of the grand jury. The net effect is that their true bill stands but the court has ruled that there can be conviction of but one crime in place of eighteen."

The same result was reached by Judge Bryan in United States v. Greenberg, 30 F.R.D. 164 (S.D.N.Y.1962). It was felt that the result was compelled by United States v. Cashin, 281 F.2d 669 (2d Cir. 1960).

Feeling that the indictment before them charged but one offense, Judge Dimock and Judge Bryan dismissed all counts but one and consolidated all counts in the one count.

■ Whether these decisions were right or wrong as to the particular indictments there involved is not presently of importance. It does seem to me that if there are separate offers or sales of securities to different persons, there are separate offenses under 15 U.S.C. § 77q (a) even though there may be a single scheme. In the indictment at bar, it is not clear whether there were such separate offers or sales but it is certainly a possibility within the language of the indictment.

In any event, after Hughes and Greenberg came United States v. Ketchum, 320 F.2d 3 (2d Cir. 1963). Several counts in an indictment had been dismissed as duplications, but the Court of Appeals reversed. As I understand the Ketchum opinion, it means that even though several counts do charge the same offense, none should be dismissed on motion but the government should be permitted to develop evidence at the trial, leaving to the trial judge to determine such matters as

whether more than one offense has been proved, in the context of punishment, etc.

Under the authority of Ketchum, therefore, the motion as to counts 23–44 is denied.

2. Discovery and inspection under Rule 16

■ Movant asks for an order requiring the government to produce "books" and "records" in its possession. Counsel for movant states that he is "somewhat in the dark" as to what "books" and "records" the government has in its possession, but requests the following:

"Included in such books and records are the books and records of Belmont Oil Corporation which my client, Suess, and two other defendants, Fox and Schwenoha are alleged to have dominated and controlled (paragraph "7" (a) of indictment); the prospectus, if any, used in the sale of Belmont stock (paragraph "2" of indictment); writings used in executing the scheme and artifice to defraud (paragraph "5" of the indictment); the correspondence between the broker-dealers named in the indictment and the purchasers of Belmont stock; and, finally any other record, paper or document which the government has and to the inspection of which I am properly entitled in order to prepare my client's defense."

The government consents to inspection of all books and records of Belmont. It also consents to make available all sales "literature" used in the sale of the Belmont stock. It says that no prospectus was used in the sale of Belmont stock and that consequently no prospectus is available.

The motion as it relates to these items is granted on consent by the government.

■ The remaining items are (1) other writings and correspondence between broker-dealers and purchasers and

(2) "any other record, paper or document which the government has".

Rule 16 of the Fed.R.Crim.P. provides as follows:

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable * * * ".

There has been no showing or any attempt to show that the remaining items, not described or in any way identified, come within the phrase "obtained from or belonging to the defendant or obtained from others by seizure or by process". Fed.R.Crim.P. 16. The motion appears rather as an attempt to view all things the government may have in its files. Under these circumstances, the "request" is plainly not "reasonable". Fed.R.Crim.P. 16.

Accordingly, the motion as it relates to these items is denied.

3. Bill of Particulars. Fed.R.Crim.P. 7(f).

The motion is disposed of as follows:
Count 1.

1. Granted on consent.
2. Granted on consent.
3. (a) and (b). Granted on consent.
4. Denied.
5. Denied.
6. Denied.
7. Denied.
8. Denied.
9. Denied.
10. Denied.
11. Denied.

12. (a) Granted; (b) Granted; (c), (d), (e) and (f) Denied.

Counts 2–22.
13. Denied.
14. Denied.
15. Denied.
16. Granted on consent.

Counts 23–44.
17. Denied.
18. Denied.
19. Granted on consent.

So ordered.